B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Teresa Jean Moore & Robert-Garvin: Moore (818) 206-1146<br>8685 Queens Brook Court<br>Las Vegas, Nevada 89129 | DEFENDANTS<br>Kapono F.H. Kiakona; Joe Corner; AOAO ALA WAI MANSION;<br>Carlos Perez; Kaylene Kamada; ALA WAI MANSION INC;<br>Dexter Higa; Walter Beh II; WELLS FARGO BANK, NA TRSTE |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>NONE | ATTORNEYS (If Known)<br>UNKNOWN |
|---|---|

| PARTY (Check One Box Only)<br>■ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor    □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
AVOIDANCE OF UNPERFECTED LIENS (11 U.S.C. § 544 & 11 U.S.C. § 545); AVOIDANCE OF THE PROPERTY TRANSFER (11 U.S.C. § 549); TURNOVER OF ESTATE PROPERTY (11 U.S.C. § 542 OR 11 U.S.C. § 543)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ■ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ■ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ■ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought |
|---|
| |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Teresa Jean Moore & Robert-Garvin: Moore | BANKRUPTCY CASE NO.<br>14-13791 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Nevada | DIVISION OFFICE | NAME OF JUDGE<br>Landis |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Teresa J. Moore*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Teresa Jean Moore |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  Teresa Jean Moore
   Robert-Garvin: Moore
2  8685 Queens Brook Court
   Las Vegas, Nevada 89129
3  Tel: 818-206-1146
   Fax: 818-647-1186
4  Net: teresa_j_moore@yahoo.com

5  *For the Plaintiffs in the propria persona*

RECEIVED
AND FILED

2014 OCT 15  PM 2 03

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

6

7

8

9  **United States Bankruptcy Court**
   District of Nevada
10 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101

11

| | |
|---|---|
| In re | Bankruptcy Case: 14-13791 |
| Teresa Jean Moore | Chapter 11 |
| Robert-Garvin: Moore | |
| Debtors. ) | |

| | |
|---|---|
| Teresa Jean Moore, | Adversary Proceeding: |
| Robert-Garvin: Moore, | |
| Plaintiffs ) | |
| v. ) | **COMPLAINT** |
| | (1) FOR THE AVOIDANCE OF THE |
| ASSOCIATION OF APARTMENT OWNERS | UNPERFECTED LIENS UNDER THE 11 |
| OF THE ALA WAI MANSION | U.S.C. § 544 AND UNDER THE 11 U.S.C. § |
| and | 545; (2) FOR THE AVOIDANCE OF THE |
| | POST-PETITION TRANSFER UNDER THE 11 |
| WELLS FARGO BANK, N.A. AS TRUSTEE | U.S.C. § 549 AND (3) FOR THE TURNOVER |
| FOR CARRINGTON MORTGAGE LOAN | OF THE ESTATE PROPERTY UNDER THE 11 |
| TRUST, SERIES 2006-NC2 ASSET-BACKED | U.S.C. § 542 OR THE 11 U.S.C. § 543 |
| PASS-THROUGH CERTIFICATES, | |
| | **ATTACHMENTS** |
| Defendants. ) | EXHIBIT-01 – EXHBIT-15 |

24

## COMPLAINT

The Plaintiffs Teresa Jean Moore and Robert-Garvin: Moore (Plaintiffs), as the debtors-in-possession in the Chapter 11 Bankruptcy Case: 14-13791, commence this adversary proceeding against the defendants by the affirmation of the following:

## JURISDICTION AND VENUE

**1.** The cause of the adversary proceeding arises under the Title 11 of the United State Code (U.S.C.) by the claims (1) for the avoidance of the unperfected liens under the 11 U.S.C. § 544 and under the 11 U.S.C. § 545; (2) for the avoidance of the post-petition transfer under the § 549 and (3) for the turnover of the estate property under the 11 U.S.C. § 542 or the 11 U.S.C. § 543.

**2.** The claims of the adversary proceeding are a core matter under the 28 U.S.C. § 157 by the arising under the Title 11 or the arising in or related to a case under the Title 11.

**3.** The Part VII (Rule 7001 et seq.) of the Federal Rules of Bankruptcy Procedure (F.R.B.P.) governs the conduct of the adversary proceeding by the procedure of the bankruptcy rules.

**4.** The United States Bankruptcy Court (Court) has the jurisdiction of the adversary proceeding by the authority of the 28 U.S.C. § 1334.

**5.** The District of the Nevada is the proper venue of the adversary case by the authority of the 28 U.S.C. § 1409(a).

**6.** The parties of the defendants submitted to the jurisdiction of the Court by the filing of their motions and by the making of their appearances during the conduct of the bankruptcy case.

## PARTIES

**7.** The Plaintiffs are natural persons with a business office at 8685 Queens Brook Court, Las Vegas, Nevada 89129. The Plaintiffs commenced the action of the Bankruptcy Case 14-13791 by the filing of the Chapter 11 Voluntary Petition with the U.S. Bankruptcy Court, District of Nevada on the May 29, 2014. The Plaintiffs are the debtors-in-possession of the bankruptcy estate and have the standing of the trustee by the authority of the 11 U.S.C. § 1107 and F.R.B.P 6009.

**8.** The Defendant ASSOCIATION OF APARTMENT OWNERS OF THE ALA WAI MANSION (AOAO) is an artificial person with its principal office at the 2029 Ala Wai Boulevard, Honolulu, Hawaii 96815. The Defendant AOAO is an association of the apartment owners under the Hawaii Condominium Law and acts through the agency of the Board of Directors and other agents by the authority of the DECLARATION and the BYLAWS.

**9.** The Defendant WELLS FARGO BANK, N.A. (WFBT) AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-

1  THROUGH CERTIFICATES (Trust) is an artificial person with its principal office at the 1610 E. St.

2  Andres Place, #B150, Santa Ana, CA 92705. The Defendant WFBT acts through the agency of its

3  agents by the authority of its corporate charter.

4                                              **FACTS**

5      **10.**    The nature of the adversary proceeding concerns the claims against the condominium at

6  the 2029 Ala Wai Boulevard, Apartment PH-A, Honolulu, Hawaii (property). Russell Jack Grisham

7  has been the owner of the property since October 9, 2003. The attachment of the **Exhibit-01** is a legal

8  description of the property.

9      **11.**    On the December 10, 2009, the Defendant WFBT asserted the claim of a lien against

10 the property by the recording of the ASSIGNMENT OF MORTGAGE AND NOTE (Assignment).

11 The attachment of the **Exhibit-02** is a copy of the Assignment, which the agent of the Defendant

12 WFBT recorded with the Hawaii Bureau of Conveyances on the December 10, 2009.

13     **12.**    On the September 7, 2011, the Judge Bert I. Ayabe of the Hawaii Frist Circuit Court

14 granted the interlocutory judgment of the foreclosure to the Defendant WFBT by the filing of the

15 JUDGMENT and of the FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER GRANTING

16 MOTION FOR SUMMARY JUDGMENT ... AND FOR INTERLOCUTORY DECREE OF

17 FORECLOSURE (Foreclosure Judgment), which appointed a commissioner to sell the property. The

18 attachment of the **Exhibit-03** is a copy of the Foreclosure Judgment, which the Judge of the Hawaii

19 Frist Circuit Court filed in the Civil Case No. 11-1-0974-05 on the September 7, 2011.

20     **13.**    On the September 14, 2011, the Commissioner Dexter Higa assumed the responsibility

21 of the property by the delivery of his NOTICE OF APPOINTMENT AS COMMISSIONER

22 (Appointment Notice) to the Owner Russell Jack Grisham. The attachment of the **Exhibit-04** is a copy

23 of the Appointment Notice, which the Commissioner Dexter Higa delivered to the Owner Russell Jack

24 Grisham on or about the September 14, 2011.

25     **14.**    On the November 8, 2011, the Owner Russell Jack Grisham commenced the action of

26 the Bankruptcy Case No. 11-02924 by the filing of the VOLUNTARY PETITION with the U.S.

27 Bankruptcy Court, Hawaii District.

28     **15.**    During the course of the Grisham bankruptcy case, the Defendant WFBT could not

1  establish its standing to foreclose because the "VP of REO Tom Croft" of the "CARRINGTON
2  MORTGAGE SERVICES, LLC under Power of Attorney for HOME123 CORPORATION" executed
3  and recorded an assignment of the mortgage and note to the Defendant WFBT on the December 10,
4  2009 after the adoption, ratification and confirmation of the liquidation plan of the New Century
5  Liquidating Trust, which was effective on the August 1, 2008.  *In re NEW CENTURY TRS*
6  *HOLDINGS, INC.*, 407 B.R. 576, 579-580 (Bankr. D. Del. 2009).  Moreover, the assignment of the
7  mortgage and deed is void under the New York Trust law because the Pooling and Servicing
8  Agreement of the Trust set the closing date on the June 21, 2006.

9  **16.**  On the October 1, 2012, the Plaintiff Teresa Jean Moore entered into an agreement with
10  the Owner Russell Jack Grisham for the lease of the property by the execution of a written agreement.
11  Thereafter, the Owner Russell Jack Grisham and the Plaintiff Teresa Jean Moore informed the
12  Defendant AOAO of the lease by the recording and delivery of a MEMORANDUM AND NOTICE
13  OF LEASE (Lease Notice).  The attachment of the **Exhibit-05** is a copy of the Lease Notice, which the
14  Plaintiff Teresa Jean Moore recorded with the Hawaii Bureau of Conveyances on the April 8, 2013.

15  **17.**  On the February 2, 2013, the Owner Russell Jack Grisham obtained a judgment against
16  the Defendant AOAO in the amount of the $8,940.00 by the ADJUDICATION, ORDER AND
17  DECREE of the U.S. Bankruptcy Court, Hawaii District (Bankruptcy Court Judgment).  The
18  attachment of the **Exhibit-06** is a copy of the Bankruptcy Court Judgment, which the Plaintiffs
19  obtained from the PACER website.

20  **18.**  On the April 5, 2013, the Owner Russell Jack Grisham promised the payment of the
21  $44,000.00 to the Plaintiff Robert-Garvin: Moore for the provision of the services and material over
22  the previous two-years by the execution and delivery of a promissory note and a SECURITY
23  AGREEMENT (Security Agreement).  The attachment of the **Exhibit-07** is a copy of the Security
24  Agreement, which the Owner Russell Jack Grisham executed in the favor of the Plaintiff Robert-
25  Garvin: Moore and recorded with the Hawaii Bureau of Conveyances on the April 8, 2013.

26  **19.**  On the November 4, 2013, the agent of the Defendant AOAO asserted the claim of a
27  debt in the amount of the $83,118.87 against the property by the recording of a NOTICE OF LIEN
28  (Lien Notice).  The attachment of the **Exhibit-08** is a copy of the Lien Notice, which the agent of the

1  Defendant AOAO recorded with the Hawaii Bureau of Conveyances on the November 11, 2013.

2    **20.**    On the November 14, 2013, the agent of the Defendant AOAO asserted the power of

3  the foreclosure in the amount of the $83,694.78 against the property by the recording of a NOTICE OF

4  DEFAULT AND INTENTION TO FORECLOSE (Default Notice). The attachment of the **Exhibit-09**

5  is a copy of the Default Notice, which the agent of the Defendant AOAO recorded with the Hawaii

6  Bureau of Conveyances on the November 14, 2013.

7    **21.**    On the November 18, 2013, the Owner Russell Jack Grisham conveyed an equal

8  ownership interest in the property to the Plaintiff Robert-Garvin: Moore by the execution and the

9  recording of a GRANT DEED. The attachment of the **Exhibit-10** is a copy of the Grant Deed, which

10  the Owner Russell Jack Grisham recorded with the Hawaii Bureau of Conveyances on the November

11  18, 2013.

12    **22.**    On the December 18, 2013, the Plaintiff tendered the rent payment of the $2000 by the

13  delivery of the Check # 274 to the order of the Defendant AOAO, which accepted the payment by the

14  negotiation on the December 30, 2013. The attachment of the **Exhibit-11** is a copy of the Check-274

15  Payment Acceptance, which the Plaintiff Teresa Jean Moore received from the First Hawaiian Bank on

16  the December 30, 2013.

17    **23.**    On the January 18, 2014, the Plaintiff tendered the rent payment of the $2000 by the

18  delivery of the Check # 278 to the order of the Defendant AOAO, which accepted the payment by the

19  negotiation on the January 27, 2014. The attachment of the **Exhibit-12** is a copy of the Check-278

20  Payment Acceptance, which the Plaintiff Teresa Jean Moore received from the First Hawaiian Bank on

21  the January 27, 2014.

22    **24.**    On or after the February 6, 2014, the agent of the Defendant AOAO asserted the right of

23  a foreclosure sale of the property by the certified mailing and the personal service of the NOTICE OF

24  ASSOCIATION'S NON-JUDICIAL FORECLOSURE UNDER POWER OF SALE (Sale Notice) to

25  the Owner Russell Jack Grisham. The agent of the Defendant AOAO did not inform the Plaintiff

26  Robert-Garvin: Moore of the proceeding by the certified mailing or the personal service of the Sale

27  Notice. The attachment of the **Exhibit-13** is a copy of the Sale Notice, which the Owner Russell Jack

28  Grisham received on or after the February 6, 2014.

**25.**    On the May 29, 2014, the Plaintiffs commenced the action of the Bankruptcy Case No. 14-13791 by the filing of the VOLUNTARY PETITION with the U.S. Bankruptcy Court, Nevada District.

**26.**    On the July 22, 2014, the Plaintiffs offered a payment plan to the Defendant AOAO by the promise (1) of the timely payment of all assessment that become due after the date that the payment plan proposal and (2) of the additional payment of the maximum amount recoverable by the Defendant AOAO at a foreclosure sale to a bona fide purchaser. However, the agent of the Defendant rejected the payment plan without the articulation of any reason.

**27.**    On the July 25, 2014, the Judge Robert J. Faris of the U.S. Bankruptcy Court, Hawaii District granted the "in rem" relief from the automatic stay in the Bankruptcy Case No 14-00500 (Grisham Bankruptcy Case) to Defendant AOAO by the filing of the ORDER GRANTING CREDITOR ASSOCIATION OF APARTMENT OWNERS OF THE AL AWAI MANSION'S MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY (Faris Relief Order). The attachment of the **Exhibit-14** is a copy of the Faris Relief Order, which the Judge Robert J. Faris filed on the July 25, 2014 and the Defendant AOAO recorded on the August 13, 2014.

**28.**    On the August 14, 2014, the Judge August B. Landis of the U.S. Bankruptcy Court, Nevada District granted the "in rem" relief from the automatic stay in the Bankruptcy Case No 14-13791 (Moore Bankruptcy Case) to Defendant AOAO by the filing of the ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY (Landis Relief Order). The attachment of the **Exhibit-15** is a copy of the Landis Relief Order, which the Judge August B. Landis filed on the August 14, 2014 and the Defendant AOAO recorded on the August 29, 2014.

**29.**    On the September 25, 2014, the agent of the Defendant AOAO conducted the foreclosure of the asserted lien by the auction of the property and purchased the property at the auction by the submission of a "credit bid" in the amount of the $20,000.00.

**30.**    On the information and the belief of the Plaintiffs, the amount of the asserted lien by the Defendant AOAO did not include the amount of the $8940 Bankruptcy Court Judgment in the favor of the Owner Russell Jack Grisham and did not include the $4000.00 Apartment Rental Payments by the Plaintiff Teresa Jean Moore.

31.    The Plaintiffs are in the possession of the property by the right of the residential lease and by the right of the security interest.

## FIRST-CLAIM OF THE PROCEEDING

### For The Avoidance Of The Unperfected Liens Under The 11 U.S.C. § 544

32.    The Plaintiffs incorporate the matter of the paragraphs 1-31 by the reference of this statement.

33.    Under the 11 U.S.C. § 544(a)(3), "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

34.    On or before the commencement of the bankruptcy case, the Plaintiffs perfected a security interest in the property by the possession of the $44,000 Promissory Notice and by the recording of the Security Agreement on the April 8, 2013.

35.    On or before the commencement of the bankruptcy case, the Plaintiffs perfected a security interest in the property by the possession of the premises and by the recording of the Grant Deed on the April 8, 2013.

36.    On or before the commencement of the bankruptcy case, the Defendant WFBT aborted in the perfection of a security interest in the property by the transfer of the fraudulent assignment, by the failure of the holder or the holder-in-due-course status and by the failure of the judicial foreclosure.

37.    As the debtors-in-possession of the bankruptcy estate, the Plaintiffs are the bona fide purchasers of the property at the commencement of the bankruptcy case.

38.    The security interest of the Defendant WFBT is unenforceable under the Hawaii state law against a hypothetical lien creditor, who obtains the status of a bona fide purchaser and who perfects a lien at the commencement of the bankruptcy case.

39.    Therefore, the Plaintiffs avoid the unperfected lien of the Defendant WFBT for the

benefit of the bankruptcy estate by the authority of the 11 U.S.C. § 544

## SECOND-CLAIM OF THE PROCEEDING

### For The Avoidance Of The Unperfected Liens Under The 11 U.S.C. § 545.

**40.**    The Plaintiffs incorporate the matter of the paragraphs 1-39 by the reference of this statement.

**41.**    Under the 11 U.S.C. § 545(2), "[t]he trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists."

**42.**    On or about the May 11, 2013, the Defendant WFBT, as the "foreclosing mortgagee," commenced the action of a judicial foreclosure by the filing of the complaint in the Civil Case No. 11-1-0974-05 of the Hawaii First Circuit Court.

**43.**    On the September 7, 2011, the Hawaii Frist Circuit Court granted the interlocutory judgment of the foreclosure by the entry of the Foreclosure Judgment and by the appointment of the Court Commissioner, who assumed the control and responsibility of the property.

**44.**    On or before the May 29, 2014, the judges of the Hawaii First Circuit Court have not concluded the action of the judicial foreclosure in the Civil Case No. 11-1-0974-05 by the entry of a final judgment, by the recording of a public sale affidavit or by the agreement of any dispute resolution.

**45.**    On the November 14, 2013, the agent of the Defendant AOAO commenced the action of the non-judicial foreclosure of the $83,694.78 by the recording of the Default Notice.

**46.**    The Default Notice in the amount of the $83,694.78 was defective by the exclusion of the Bankruptcy Court Judgment in the amount of the $8940 and by the exclusion of the Apartment Rental Payments in the amount of the $4000.00.

**47.**    The service of the Default Notice was defective by the failure of the delivery to the Plaintiff Robert-Garvin: Moore by the certified mailing and by the personal service.

**48.**    Under the Hawaii foreclosure laws, if an association proceeds with a non-judicial foreclosure without the personal service of a delinquent owner, then the association loses the right of a

1  deficiency judgment against the owner, who has a one-year right of redemption.

2  **49.** Under the Hawaii foreclosure laws, an association shall not reject a reasonable payment
3  plan. The Plaintiffs offered a payment plan by the promise (1) of the timely payment of all assessment
4  that become due after the date that the payment plan proposal and (2) of the additional payment of the
5  maximum amount recoverable by the Defendant AOAO at a foreclosure sale to a bona fide purchaser.
6  However, the agent of the Defendant rejected the payment plan without the articulation of any reason.
7  The offer of the payment plan by the Plaintiffs was reasonable under the circumstances and the
8  rejection of the payment plan by the Defendant AOAO was unreasonable under the circumstances.

9  **50.** As the debtors-in-possession of the bankruptcy estate, the Plaintiffs are the bona fide
10 purchasers of the property at the commencement of the bankruptcy case.

11 **51.** The lien of the Defendant AOAO is unperfected or is unenforceable under the Hawaii
12 state law against a hypothetical lien creditor, who obtains the status of a bona fide purchaser and who
13 perfects a lien at the commencement of the bankruptcy case.

14 **52.** Therefore, the Plaintiffs avoid the unperfected lien of the Defendant AOAO for the
15 benefit of the bankruptcy estate by the authority of the 11 U.S.C. § 545.

16                    **THIRD-CLAIM OF THE PROCEEDING**

17      **For The Avoidance Of The Post-petition Transfer Under The 11 U.S.C. § 549**

18 **53.** The Plaintiffs incorporate the matter of the paragraphs 1-52 by the reference of this
19 statement.

20 **54.** Under the 11 U.S.C. § 549(a), "the trustee may avoid a transfer of property of the
21 estate--(1) that occurs after the commencement of the case."

22 **55.** The Apartment PH-A is a property of the bankruptcy estate within the meaning of the
23 11 U.S.C. § 541(a).

24 **56.** On the September 25, 2014, the Defendant AOAO transferred the property of the
25 Apartment PH-A by the conduct of a foreclosure sale.

26 **57.** The conduct of the foreclosure sale is void by the defect of the Default Notice and by
27 the defect of the service of the Default Notice.

28 **58.** Therefore, the Plaintiffs avoid the post-petition transfer of the Defendant AOAO for the

benefit of the bankruptcy estate by the authority of the 11 U.S.C. § 549.

## FOURTH CLAIM OF THE PROCEEDING

### For The Turnover Of The Estate Property Under The 11 U.S.C. § 542 Or The 11 U.S.C. § 543

**59.**    The Plaintiffs incorporate the matter of the paragraphs 1-57 by the reference of this statement.

**60.**    Under the 11 U.S.C. § 542(a), "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

**61.**    Under the 11 U.S.C. § 543(a), "A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property."

**62.**    Upon the information and the belief of the Plaintiffs, the Defendant AOAO is an entity, other than a custodian, in the process of taking the possession, custody or control of the property, which the Trustee or the Plaintiffs as the debtors-in-possession may use, sell or lease under the 11 U.S.C. § 363. The Defendant AOAO has not delivered or is refusing to deliver the property, which has consequential value and benefit, to the Trustee or the Plaintiffs as the debtors-in-possession.

**63.**    Upon the information and the belief of the Plaintiffs, the agent of the Defendant AOAO is a custodian with the knowledge of the bankruptcy case commencement and in the possession, custody or control of the Apartment Rental Payments, which the Trustee or the Plaintiffs as the debtors-in-possession may use, sell or lease under the 11 U.S.C. § 363. The agent of the Defendant AOAO has not delivered or is refusing to deliver the property, which has consequential value and benefit, to the Trustee or the Plaintiffs as the debtors-in-possession.

**64.**    Therefore, the Plaintiffs require the turnover of the property by the Defendant AOAO for the benefit of the bankruptcy estate by the authority of the 11 U.S.C. § 542(a).

WHEREFORE, the Plaintiffs request the entry of a judgment against the defendants by the following:

(1) For the avoidance of the unperfected lien of the Defendant WFBT against the property under the authority of the 11 U.S.C. § 544 with a declaration and order for the annulment and purging of the lien from the public record.

(2) For the avoidance of the unperfected lien of the Defendant AOAO against the property under the authority of the 11 U.S.C. § 545 with a declaration and order for the annulment and purging of the lien from the public record.

(3) For the avoidance of the post-petition transfer of the property by the Defendant AOAO under the authority of the 11 U.S.C. § 549 with a declaration and order for the annulment and purging of the lien from the public record.

(4) For the turnover of the estate property under the authority of the 11 U.S.C. § 542 or the 11 U.S.C. § 543 with a declaration and order for the accounting of any proceeds and the turnover of the property.

(5) For the imposition of the automatic stay or an injunction against the defendants.

(6) For the imposition of a constructive or resulting trust for the benefit of the bankruptcy estate.

(7) For any other relief that the Court deems just and proper.

Date: _14 OCT 2014_          _Teresa J Moore_

Teresa Jean Moore
Robert-Garvin: Moore
8685 Queens Brook Court
Las Vegas, Nevada 89129
Tel: 818-206-1146
Fax: 818-647-1186
Net: teresa_j_moore@yahoo.com

ALL THE PREMISES COMPRISING A PORTION OF THE "ALA WAI MANSION," A CONDOMINIUM PROJECT (HEREINAFTER CALLED THE "PROJECT") AS DESCRIBED IN AND ESTABLISHED BY DECLARATION OF HORIZONTAL PROPERTY REGIME RECORDED AS LAND COURT DOCUMENT NO. 490922, AS AMENDED, OF OFFICIAL RECORDS (HEREINAFTER CALLED THE "DECLARATION"), SAID PREMISES BEING MORE DESCRIBED AS FOLLOWS:

FIRST: APARTMENT NO. PH-A, AS SHOWN ON THE PLANS THEREOF FILED AS CONDOMINIUM MAP NO. 92 (HEREINAFTER CALLED THE CONDOMINIUM MAP) TOGETHER WITH THE FOLLOWING APPURTENANT EASEMENTS:

A) AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. L-15 AND STORAGE CUBICLE A AS SHOWN ON CONDOMINIUM MAP.

B) NONEXCLUSIVE EASEMENTS IN THE COMMON-ELEMENTS DESIGNED FOR SUCH PURPOSES FOR INGRESS TO, EGRESS FROM, UTILITY SERVICES FOR, AND SUPPORT OF SAID APARTMENT, IN THE OTHER COMMON ELEMENTS FOR USE ACCORDING TO THEIR RESPECTIVE PURPOSES, SUBJECT ALWAYS TO THE EXCLUSIVE USE OF THE LIMITED COMMON ELEMENTS AS PROVIDED IN THE DECLARATION, AS AMENDED, AND IN THE OTHER APARTMENTS AND COMMON ELEMENTS OF THE PROJECT FOR SUPPORT.

SECOND: AN UNDIVIDED 5.68 PERCENT INTEREST IN ALL COMMON ELEMENTS OF THE PROJECT AS ESTABLISHED FOR SAID APARTMENT BY THE DECLARATION OR SUCH OTHER FRACTIONAL OR PERCENTAGE INTEREST AS HEREAFTER ESTABLISHED FOR SAID APARTMENT BY AN AMENDMENT OF THE DECLARATION (HEREAFTER REFERRED TO AS LESSEE'S "PROPORTIONATE SHARE"), AS TENANTS IN COMMON WITH THE OTHER OWNERS AND TENANTS THEREOF, SUBJECT TO ALL EASEMENTS APPURTENANT TO ANY APARTMENT OF THE PROJECT AND TO ALL ENCUMBRANCES, EXCEPTIONS AND RESERVATIONS NOTED BY SAID DECLARATION.

A LEASEHOLD ESTATE AS CREATED BY THAT CERTAIN LEASE DATED MAY 2, 1972, EXECUTED BY ALA WAI MANSION, INC., A HAWAII CORPORATION, AS LESSOR, AND LEROY PERCY BASS AND SHIRLEY JEAN BASS, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY, AS LESSEE, FOR A TERM FROM MAY 2, 1972 AND ENDING DECEMBER 31, 2050, RECORDED AS LAND COURT DOCUMENT NO. 580307 OF OFFICIAL RECORDS.

THE LESSEE'S INTEREST UNDER THE LEASE HAS BEEN ASSIGNED TO RUSSELL JACK GRISHAM, UNMARRIED, BY MESNE ASSIGNMENTS RECORDED OCTOBER 9, 2003 AS LAND COURT DOCUMENT NO. 3007815 OF OFFICIAL RECORDS.

ALL OF THAT CERTAIN PARCEL OF LAND SITUATED AT WAIKIKI, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, DESCRIBED AS FOLLOWS:

LOT 185-A, AREA 9,914 SQUARE FEET, MORE OR LESS, AS SHOWN ON MAP 63, FILED WITH LAND COURT APPLICATION NOS. 537 AND 550 OF JOHN FRANCIS BOWLER AND AUGUST AHRENS, LIMITED.

BEING A PORTION OF THE PROPERTY DESCRIBED IN AND COVERED BY TRANSFER CERTIFICATE OF TITLE NO. 125,594.

**EXHIBIT-01**



L-160      STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
DEC 16, 2009      08:01 AM
Doc No(s) 3924425
on Cert(s) 125,594



/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

20   1/1   Z10

AFTER RECORDATION, RETURN BY MAIL ( )   PICK UP ( )

Rush Moore (WB)
737 Bishop Street, Suite 2400 :   NOTE:   Total Pages _____
Honolulu, Hawaii  96813

TITLE OF DOCUMENT:

ASSIGNMENT OF MORTGAGE AND NOTE

PARTIES TO DOCUMENT:

Assignor:     HOME123 CORPORATION, a California corporation

Assignee:     WELLS FARGO BANK N.A., as Trustee, for Carrington
              Mortgage Loan Trust, Series 2006-NC2 Asset-Backed
              Pass-Through Certificates
              c/o Carrington Mortgage Services
              1610 E. St. Andrew Place, #B150
              Santa Ana, CA 92705

PROPERTY DESCRIPTION:          :   LIBER/PAGE/DOCUMENT NO.:
                               :
                               :
                               :   LAND COURT DOCUMENT NO.:
                               :      3411908
                               :
                               :   TRANSFER CERTIFICATE OF TITLE
                               :   NO(S).: 125,594
                               :

Carrington/Wells Fargo N/J re Grisham, Russell          TMK: (1) 2-6-015-009, CPR No. 0033

LOAN NO. 1007028236

S:\Wpdata\WBeh\10914-40779\Document\001.wpd                    CARRINGTON

EXHIBIT _C_

EXHIBIT-02

## ASSIGNMENT OF MORTGAGE AND NOTE

KNOW ALL MEN BY THESE PRESENTS:

That HOME123 CORPORATION, a California corporation, hereinafter called the "Assignor", for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to Assignor paid by WELLS FARGO BANK N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC2 Asset-Backed Pass-Through Certificates, whose address is c/o Carrington Mortgage Services, 1610 E. St. Andrew Place, #B150, Santa Ana, CA 92705, hereinafter called the "Assignee", receipt whereof is hereby acknowledged, does by these presents sell, assign, transfer, set over and deliver unto Assignee, absolutely and forever;

That certain mortgage dated April 3, 2006, executed by RUSSELL JACK GRISHAM, unmarried, as Mortgagors/Borrowers, in favor of the above named Assignor, as Mortgagee/Lender, recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3411908, duly noted on Transfer Certificate of Title No. 125,594.

TOGETHER with the promissory note thereby secured and all monies, both principal and interest, due and to become due under and pursuant to the provisions of said mortgage and note and the benefit of all rights, powers, covenants and agreements in said mortgage and note set forth.

TO HAVE AND TO HOLD the same unto Assignee, absolutely and forever;

And Assignor, in consideration of the premises, does hereby promise, covenant and agree to and with Assignee that Assignor is the sole and absolute owner of said mortgage and the promissory note thereby secured; that the same are free and clear of and from all liens and encumbrances whatsoever; that Assignor has good right to sell and assign the same as aforesaid and that Assignor will WARRANT and DEFEND the same unto Assignee against the lawful claims and demands of all persons.

This Assignment is without recourse, except as to the warranties hereinbefore provided.

The terms "Assignor" and "Assignee", as and when used herein, or any pronouns used in place thereof, shall mean and include the masculine, feminine or neuter, the singular or plural number, individuals or corporations, and their and each of their

**LOAN NO. 1007028236**

S:\Wpdata\W Bch\10914-49779\Document\001.wpd

CARRINGTON

**EXHIBIT-02**

respective successors, heirs, personal representatives and assigns, ~~according to the context thereof.~~

IN WITNESS WHEREOF, the Assignor has executed these presents this ___8___ day of December , 2009 .

Carrington Mortgage Services, LLC under Power of Attorney for
HOME123 CORPORATION

By _~~Jim Cy~~_____

Type Name: ___Tom Croft_____

Its ___VP of REO_____
           (Office)

LOAN NO. 1007028236

S:\Wpdata\WBch\10914-40779\Document\001.wpd              -2-                    CARRINGTON

**EXHIBIT-02**

STATE OF _CA_ )
                              ) SS:
COUNTY OF _Orange_ )

On this _8_ day of _December_ , 20_09_ , before
me appeared _Tom Croft_ , to me
personally known, who, being by me duly sworn or affirmed, did say
that such person(s) executed the foregoing instrument as the free
act and deed of such person(s), and if applicable in the capacity
shown, having been duly authorized to execute such instrument in
such capacity.

TYPE NAME:
Notary Public in and for said
County and State

N. DEETER
COMM.# 1712322
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Exp. Dec. 23, 2010

My commission expires: _12/23/2010_

**LOAN NO. 1007028236**

S:\Wpdata\WBcb\10914-40779\Document001.wpd          -3-                    CARRINGTON

**EXHIBIT-02**

RUSH MOORE LLP
A Limited Liability Law Partnership

WALTER BEH, II   1129-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Tel. No. (808) 521-0416
Fax No. (808) 521-0497
Email: wbeh@rmhawaii.com

Attorney for Plaintiff

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 SEP -7  PM 12: 05

F. OIAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES,<br><br>          Plaintiff,<br><br>    vs.<br><br>RUSSELL JACK GRISHAM, WELLS FARGO BANK, N.A., ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION, by its Board of Directors, DISCOVER BANK, UNITED STATES OF AMERICA, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>          Defendants. | Civil No. 11-1-0974-05<br>(Foreclosure)<br><br>JUDGMENT;<br>CERTIFICATE OF SERVICE<br><br><br><br><br><br><br>Trial Date:   None<br>Judge:   Bert I. Ayabe<br>Hearing:  July 27, 2011<br>         at 9:00 a.m. |

## JUDGMENT

In accordance with Rule 58 of the Hawaii Rules of Civil Procedure, and pursuant to Findings of Fact; Conclusions of Law; Order Granting Motion for Summary Judgment as Against All

S:\Wpdata\WBeh\10914-40779\Judicial\Pleadings\009.wpd

**EXHIBIT-03**

Defendants and for Interlocutory Decree of Foreclosure filed herein, Summary Judgment and Interlocutory Decree of Foreclosure are hereby entered in favor of Plaintiff and against all Defendants as to the Complaint filed on May 13, 2011. This Court expressly directs that said Summary Judgment and Interlocutory Decree of Foreclosure are entered as final judgments as there is no just reason for delay pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure.

DATED: Honolulu, Hawaii, _____ SEP - 6 2011 _____.

_____
BERT I. AYABE
Judge of the above-entitled Court

APPROVED AS TO FORM:

_____
RUSSELL JACK GRISHAM
Defendant

--------------------------------------------------------------

Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC2 Asset-Backed Pass-Through Certificates v. Russell Jack Grisham, et al., First Circuit, Civil No. 11-1-0974-05; Judgment; Certificate of Service

**EXHIBIT-03**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL JACK GRISHAM, WELLS FARGO BANK, N.A., ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION, by its Board of Directors, DISCOVER BANK, UNITED STATES OF AMERICA, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 11-1-0974-05<br>(Foreclosure)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Judgment will be duly mailed to each of the following upon entry of the judgment by the Court:

RUSSELL JACK GRISHAM
2029 Ala Wai Blvd., PH-1
Honolulu, HI 96815-5111
Defendant

WELLS FARGO BANK, N.A.
c/o Corporation Service Company
26 W Sixth Avenue
Helena, MT 59624
Defendant

S:\Wpdata\WBeh\10914-40779\Judicial\Pleadings\009.wpd

**EXHIBIT-03**

MILTON M. MOTOOKA, ESQ.
CLAY W. VALVERDE, ESQ.
1000 Bishop Street, Suite 801
Honolulu, HI 96813
Attorneys for Defendant Association
    of Apartment Owners of Ala Wai Mansion,
    By its Board of Directors

DISCOVER BANK
c/o 502 East Market Street
Greenwood, DE 19950
        and
100 West Market
P.O. Box C
Greenwood, DE 19950
        and
c/o Guy C. Zukeran, Esq.
1050 Bishop Street, Suite 545
Honolulu, HI 96813
Defendant

EDRIC M. CHING, ESQ.
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, HI 96850
Attorney for Defendant
    United States of America


_____
        WALTER BEH, II
        Attorney for Plaintiff


NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A
DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE,
AND THAT THE DEBT MAY BE DISPUTED.

**EXHIBIT-03**

RUSH MOORE LLP
A Limited Liability Law Partnership

WALTER BEH, II 1129-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Tel. No. (808) 521-0416
Fax No. (808) 521-0497
Email: wbeh@rmhawaii.com

Attorney for Plaintiff

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 SEP -7 PM 12: 04

E. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RUSSELL JACK GRISHAM, WELLS FARGO BANK, N.A., ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION, by its Board of Directors, DISCOVER BANK, UNITED STATES OF AMERICA, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>                    Defendants. | Civil No. 11-1-0974-05<br><br>(Foreclosure)<br><br>FINDINGS OF FACT; CONCLUSIONS OF LAW; ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS AGAINST ALL DEFENDANTS AND FOR INTERLOCUTORY DECREE OF FORECLOSURE; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Trial Date:    None<br>Judge:    Bert I. Ayabe<br>Hearing:    July 27, 2011<br>              at 9:00 a.m.<br><br>[No Trial Date] |

FINDINGS OF FACT; CONCLUSIONS OF LAW; ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT AS AGAINST ALL
DEFENDANTS AND FOR INTERLOCUTORY DECREE OF FORECLOSURE

          The Motion for Summary Judgment as Against All Defendants
and for Interlocutory Decree of Foreclosure filed herein by
Plaintiff WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON

**EXHIBIT-03**

MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES (hereinafter referred to as LENDER) was heard by the Honorable Bert I. Ayabe on July 27, 2011, Walter Beh, II representing LENDER and Defendant RUSSELL JACK GRISHAM appearing at said hearing.  After hearing the Motion and considering the evidence presented, and the Court directing that this Order not be presented for signature until August 26, 2011, the Court finds as follows:

<u>FINDINGS OF FACT</u>

    1.  LENDER is a national association. Defendant RUSSELL JACK GRISHAM (hereinafter referred to as Defendant BORROWER) is a resident of the City and County of Honolulu, State of Hawaii. Defendant WELLS FARGO BANK, N.A. is a national association. Defendant DISCOVER BANK is a Delaware corporation.  Defendant UNITED STATES OF AMERICA is made a party herein by virtue of 28 U.S.C. Section 2410, and filed its Disclaimer of Interest herein on June 20, 2011.  Defendant ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION, by its Board of Directors (hereinafter referred to as Defendant ASSOCIATION), is an unincorporated association of apartment owners of the Ala Wai Mansion condominium project, acting by and through its Board of Directors, established by Declaration of Horizontal Property Regime dated December 15, 1969, recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 490922, as amended, and existing pursuant to Chapter 514B, Hawaii Revised Statutes, as amended.

    2.  In consideration of the loan made by HOME 123 CORPORATION to Defendant BORROWER in the principal sum of $680,000.00, Defendant BORROWER executed and delivered to HOME 123 CORPORATION a promissory note dated March 27, 2006, in the principal sum of $680,000.00, and a first mortgage dated March 27, 2006, recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3411908, duly noted on Transfer Certificate of Title No. 125,594, as security for the payment of all sums due under the promissory note and all other indebtedness then or thereafter to be or become owing by Defendants

**EXHIBIT-03**

BORROWERS to the holder of the first mortgage. Said promissory note and first mortgage were assigned to LENDER for value by assignment dated December 8, 2009, recorded as aforesaid as Document No. 3924425. LENDER is the owner and holder of said first mortgage and promissory note. The first mortgage is a valid first lien upon the property described in Exhibit "A" attached hereto and made a part hereof, which property is hereinafter called the "Mortgaged Property" and has a property address of 2029 Ala Wai Boulevard PH-A, Honolulu, Hawaii 96815.

3. Defendant BORROWER is in default under the promissory note and first mortgage. Under the terms of the promissory note and first mortgage, the entire remaining principal balance and interest thereon are due and payable, together with costs, expenses, attorneys' fees and late fees, all of which are secured by the first mortgage. As of July 15, 2001, there was due and owing by Defendant BORROWER to LENDER the following amounts:

| | | |
|---|---|---|
| Principal Balance: | | $668,918.93 |
| Interest to 07/15/2011: | | 143,812.99 |
| Late Fees: | | 5,608.84 |
| Misc. Advances: | | 1,946.75 |
| Negative Advances: | | 4,693.54 |
| Real Property Taxes: | | 9,793.42 |
| | TOTAL | $834,774.47 |

The total sum, together with interest at an adjustable rate, currently at the rate of $123.70 per day, late fees accruing at the rate of $210.27 per month, attorneys' fees and such other and further amounts and charges as may be proper and allowed, plus any further advances made by LENDER for property expenses (real property taxes, lease rent, fire and/or mortgage insurance premiums, etc.), until the closing of the sale herein authorized, are a valid first lien on the Mortgaged Property.

4. The first mortgage provides that the mortgagee may be the purchaser at any foreclosure sale.

5. LENDER, pursuant to Sections 501-151, Hawaii Revised Statutes, as amended, has filed its Notice of Pendency of Action herein on May 13, 2011, and recorded the same as aforesaid as Document No. 4073451 on May 17, 2011.

**EXHIBIT-03**

6.    This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Circuit.

7.    There is no just reason for delay in entering a final judgment as to LENDER's complaint.

### CONCLUSIONS OF LAW

Pursuant to the foregoing findings of fact, the Court concludes:

A.    There is due and owing to LENDER from Defendant BORROWER the sum of $834,774.47, as of July 15, 2011, with interest accruing at an adjustable rate, currently at the rate of $123.70 per day, late fees accruing at the rate of $210.27 per month, plus any further advances made by LENDER for property expenses (real property taxes, lease rent, fire and/or mortgage insurance premiums, etc.), together with other amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the promissory note and first mortgage held by LENDER, including interest, costs, expenses, late fees, other charges and attorneys' fees as the Court shall determine.

B.    LENDER is entitled to have its first mortgage foreclosed upon the Mortgaged Property and to have the property sold in a manner subscribed by law, the mortgage being a valid first lien upon said Mortgaged Property.

C.    This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Circuit.

D.    LENDER is entitled to judgment as a matter of law on its complaint.

E.    This Court expressly directs that final judgment shall be entered as to LENDER's complaint as there is no just reason for delay.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS AGAINST ALL DEFENDANTS AND FOR INTERLOCUTORY DECREE OF FORECLOSURE

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**EXHIBIT-03**

1.   The motion is granted insofar as Summary Judgment and Interlocutory Decree of Foreclosure in favor of LENDER and against Defendants BORROWERS and the other parties hereto are hereby entered.   Pursuant to Rule 54(b), Hawaii Rules of Civil Procedure, this Court expressly directs that said summary judgment and interlocutory decree of foreclosure be and are hereby entered as final judgments as to LENDER's complaint as there is no just reason for delay.

2.   Defendant  BORROWER  is  in  default  under  the promissory note and first mortgage currently held by LENDER.   There is due and owing and unpaid to LENDER from Defendant BORROWER the sum of $834,774.47, being principal, interest, expenses and costs incurred up to and through July 15, 2011, plus accruing interest and late fees, plus any further advances made by LENDER for property  expenses  (real  property  taxes,  lease  rent,  fire and/mortgage premiums, etc.), and such other amounts as the Court shall determine at a subsequent hearing, all sums to be paid at the date of closing of the sale hereinafter authorized.   All sums that are due or will become due LENDER are valid first liens upon the Mortgaged Property.

3.   The first mortgage currently held by LENDER shall be and is hereby foreclosed as prayed, and the Mortgaged Property shall be sold at public auction, without an upset price, as authorized by law and under the provisions of said mortgage, or by way of private sale.   The sale shall not be final until approved and confirmed by the Court.

4.   ___DEXTER HIGA_____, whose address is _707 Richards Street, Suite 510, Honolulu, HI  96813_____, and whose telephone number is _525-5665_____, is hereby appointed as Commissioner by this Court and as such Commissioner is hereby authorized and directed to take possession of the Mortgaged Property, to rent the Mortgaged Property pending foreclosure, if appropriate, and to sell the Mortgaged Property in its "AS IS" condition, without any representations or warranties whatsoever as to title or possession, and by way of quitclaim conveyance, by

**EXHIBIT-03**

private sale or by public Commissioner's sale, without an upset price, in accordance with this Order.   No public Commissioner's sale shall occur until after notice of such sale is first given by the Commissioner by publication in the classified section of a newspaper of general circulation printed and published in the City and County of Honolulu, State of Hawaii, as may be directed by the Court from time to time.   The notice shall be published once in each week for three (3) consecutive weeks, with the sale to take place no sooner than fourteen (14) days after the third date of publication.   The notice shall give the date, time and place of sale and an intelligible description of the Mortgaged Property, and shall disclose all of the terms of foreclosure sale.     The Commissioner may continue the sale from time to time in the Commissioner's discretion.     No bond shall be required of the Commissioner.   The Commissioner shall be awarded a reasonable fee as Commissioner in an amount to be subsequently determined by the Court.     The Commissioner's fees and costs shall be deemed to be secured by LENDER's lien on the Mortgaged Property.   In the event the person appointed in this Order refuses or becomes unable to act as Commissioner, the Court may appoint another person to serve as Commissioner, without further notice or hearing.

         5.   The Commissioner shall hold all proceeds of sale of the Mortgaged Property to the credit of this cause subject to the directions of this Court.   A further hearing shall be held in this action to consider confirmation of the foreclosure sale.   At the hearing, the Court shall hear proof of the claim of any other party and shall determine the priority among the claims of the parties besides LENDER.   At the hearing, the Court may also allow reopening of the auction by accepting higher bids, the first of which must be at least one hundred five percent (105%) of the highest bid at the Commissioner's sale; anyone may reopen the auction by bidding, including all parties to this action and any other interested person, whether or not any such party or interested person had bid, or could have bid, at the Commissioner's sale.   The Court reserves jurisdiction to determine the party or parties to whom any surplus

**EXHIBIT-03**

shall be awarded. The Court shall determine the amount of the fee of the Commissioner and the amount of the attorneys' fees and costs of LENDER and shall direct the final payment of the proceeds of the foreclosure sale. Upon distribution of the sale proceeds according to the directions of the Court, the Commissioner shall file an accurate accounting of receipts, expenses and distributions. If the proceeds of such sale are insufficient to pay the aforesaid amounts to LENDER, the Court shall direct that a judgment for such deficiency be entered in favor of LENDER and against Defendant BORROWER.

6. Defendant BORROWER and all parties hereto, and all persons claiming by, through or under them, except Defendant ASSOCIATION's rights under Sections 514B-146(b), (g), and (h), Hawaii Revised Statutes, if any, and any governmental authority enforcing a lien for unpaid real property taxes as to the Mortgaged Property, will be perpetually barred of and from any and all right, title and interest in the Mortgaged Property or any part thereof upon closing of the sale herein authorized.

7. Pursuant to Section 501-151, Hawaii Revised Statutes, as amended, any and all other or further encumbrancers or purchasers in respect of the Mortgaged Property or any part thereof, whose interest arises from and after May 17, 2011, will be forever barred of and from any and all right, title and interest in and to the Mortgaged Property and every part thereof upon closing of the sale herein authorized.

8. LENDER and all other parties are hereby authorized to purchase the Mortgaged Property at the foreclosure sale. The successful bidder at the sale shall make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful bidded price. This payment shall be in cash, money order, by cashier's check or by certified check, provided that LENDER may satisfy the down payment by way of offset to the amount of its secured debt; prior to bidding, any person not hereby authorized to credit bid must show the Commissioner such person's present ability to make the required down payment in such form

**EXHIBIT-03**

immediately upon the close of the bidding.   At the Court's
discretion, the 10% down payment may be forfeited in full or in
part if the purchaser shall fail to pay the balance of the purchase
price as hereinafter set forth.  In no event shall the purchaser be
liable for damages greater than the forfeiture of the 10% down
payment.   The balance of the purchase price shall be paid to the
Commissioner upon approval and confirmation of the sale, provided
that if LENDER is the purchaser at the foreclosure sale, LENDER may
satisfy the balance of the purchase price by way of offset up to
the amount of its secured debt.   The Commissioner may require that
the sale close through an escrow, even if the purchaser does not
require one.  All costs and expenses of closing, including without
limitation, the costs of conveyance, including preparation of the
conveyance document, conveyance tax, escrow and recording fees, any
proof of title or title insurance, and notary fees, as well as the
costs of securing possession of the Mortgaged Property, shall be
the responsibility of and paid by the purchaser.   Neither the
availability of title insurance nor securing possession of the
Mortgaged Property shall be a condition of closing.

              DATED: Honolulu, Hawaii, _____.

                                    _____
                                     BERT I. AYABE    **SEAL**
                                     Judge of the above-entitled Court

APPROVED AS TO FORM:


_____
RUSSELL JACK GRISHAM
Defendant


-------------------------------------------------------------------
Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series
2006-NC2 Asset-Backed Pass-Through Certificates v. Russell Jack Grisham, et al.,
First Circuit, Civil No. 11-1-0974-05; Findings of Fact; Conclusions of Law;
Order Granting Motion for Summary Judgment as Against All Defendants and for
Interlocutory Decree of Foreclosure; Exhibit "A"; Certificate of Service

**EXHIBIT-03**

Carrington/Wells Fargo v. Grisham, Russell

EXHIBIT "A"

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE COUNTY OF HONOLULU, STATE OF HAWAII, AND IS DESCRIBED AS FOLLOWS:

Apartment Lease

| | |
|---|---|
| Lessor: | Ala Wai Mansion, Inc., a Hawaii corporation |
| Lessee: | Leroy Percy Bass and Shirley Jean Bass, husband and wife, as Tenants by the Entirety |
| Dated: | May 2, 1972 |
| Recorded: | in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, Document No. 580307. |
| Term: | commencing from the date hereof and ending on December 31, 2050 |

The foregoing Apartment Lease was assigned by the following through mesne:

Assignment of Apartment Lease

| | |
|---|---|
| Assignor: | Gregory Nell Stoddard and Janice Paula Churma, husband and wife |
| Assignee: | Russell Jack Grisham, unmarried, as Tenant in Severalty |
| Dated: | September 30, 2003 |
| Recorded: | October 9, 2003 in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 3007815. |

Being all of the property described in and covered by Transfer Certificate of Title No. 125,594.

FIRST:

Apartment No. PH-A (hereinafter called the "Apartment") comprising a portion of "ALA WAI MANSION", a condominium project (hereinafter called the "Project") as described in and established by Declaration of Horizontal Property Regime dated December 15, 1969, filed in Office of the Assistant Registrar of the Land Court as Document No. 490922, as the same may have been amended from time to time (hereafter called the "Declaration") as shown on the plans of the Project filed in said Office as Condominium Map No. 92, as the same may have been amended from time to time (hereinafter called the "Condominium Map").

TOGETHER WITH the following appurtenant easements:

a) An exclusive easement to use parking space no. L-15 and storage cubicle A as shown on Condominium Map.

b) Nonexclusive easements in the common elements designed for such purposes for ingress to, egress from, utility services for, and support of said apartment, in the other common elements for use according to their respective purposes, subject always to the exclusive use of the limited common elements as provided in the Declaration, as amended, and in the other apartments and common elements of the project for support.

SECOND:

An undivided 5.68 percent interest in all common elements of the project as established for said Apartment by the Declaration or such other fractional or percentage interest as hereafter established for said Apartment by and amendment of the Declaration (hereafter referred to as Lessee's "proportionate share"), as tenants in common

**EXHIBIT-03**

with the other owners and tenants thereof, subject to all easements appurtenant to any apartment of the Project and to all encumbrances, exceptions and reservations noted by said Declaration.

The land(s) upon which said Condominium Project is located is described as follows:

All of that certain parcel of land situate at Waikiki, City and County of Honolulu, State of Hawaii, described as follows:

Lot 185-A, area 9,914 square feet, more or less, as shown on Map 63, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Applications No. 537 and 550 of John Francis Bowler and August Ahrens, Limited.

TMK: (1) 2-6-015-009-0033

**EXHIBIT-03**

SUBJECT, HOWEVER, TO THE FOLLOWING:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by Public Records.

2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6.  Property taxes

7.  Taxes

8.  Reservation in favor of the State of Hawaii of all mineral and metallic mines.

9.  Easement(s) for the purpose(s) shown below and rights incidental thereto as set forth in a document;

    In favor of:            City and County of Honolulu, a municipal corporation of the State of Hawaii
    Purpose:                easement for public utilities and incidental purposes
    Recorded:               in the Office of the Assistant Registrar of the Land Court of the State of
    Hawaii, as Document No. 464029, dated May 4, 1966.
    Affects:                Land herein described

10. Easement(s) 11, for utility and driveway purposes, as shown on Map(s) 56 and 53, as set forth by Land Court Order No. 29793, filed March 28, 1969.

11. Condominium Map No. 92, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii.

12. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as contained in the following:

    Declaration of Horizontal Property Regime of Ala Wai Mansion

**EXHIBIT-03**

Dated:                        December 15, 1969
Recorded:                          in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 490922.

The foregoing Declaration was amended by the following:

Recorded:                          in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 551025, dated August 24, 1971.

Recorded:                          in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 1979488, November 2, 1992.

Recorded:                          in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 2075272, dated October 4, 1993.

13.  Terms, provisions and conditions as contained in the Apartment Lease and the effect of any failure to comply with such terms, provisions and conditions.

14.  Any and all easements encumbering the apartment herein mentioned, and/or the common interest appurtenant thereto, as created by or mentioned in said Declaration, as said Declaration may be amended from time to time in accordance with the laws and/or in the Apartment Lease and/or as delineated on said Condominium Map.

END OF EXHIBIT "A"

**EXHIBIT-03**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES, ) ) ) ) ) ) | Civil No. 11-1-0974-05 (Foreclosure)<br><br>CERTIFICATE OF SERVICE |
| Plaintiff, ) ) ) | |
| vs. ) ) | |
| RUSSELL JACK GRISHAM, WELLS FARGO BANK, N.A., ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION, by its Board of Directors, DISCOVER BANK, UNITED STATES OF AMERICA, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50, ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Findings of Fact; Conclusions of Law; Order Granting Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure; Exhibit "A"; will be duly mailed to the following upon entry of the Order by the Court:

RUSSELL JACK GRISHAM
2029 Ala Wai Blvd., PH-1
Honolulu, HI 96815-5111
Defendant

WELLS FARGO BANK, N.A.
c/o Corporation Service Company
26 W Sixth Avenue
Helena, MT 59624
Defendant

S:\Wpdata\WBeh\10914-40779\Judicial\Pleadings\009.wpd

**EXHIBIT-03**

MILTON M. MOTOOKA, ESQ.
CLAY W. VALVERDE, ESQ.
1000 Bishop Street, Suite 801
Honolulu, HI 96813
Attorneys for Defendant Association
   of Apartment Owners of Ala Wai Mansion,
   By its Board of Directors

DISCOVER BANK
c/o 502 East Market Street
Greenwood, DE 19950
        and
100 West Market
P.O. Box C
Greenwood, DE 19950
        and
c/o Guy C. Zukeran, Esq.
1050 Bishop Street, Suite 545
Honolulu, HI 96813
Defendant

EDRIC M. CHING, ESQ.
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, HI 96850
Attorney for Defendant
   United States of America


_____
                WALTER BEH, II
                Attorney for Plaintiff


NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A
DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE,
AND THAT THE DEBT MAY BE DISPUTED.

**EXHIBIT-03**

RUSH MOORE LLP
A Limited Liability Law Partnership

WALTER BEH, II  1129-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Tel. No. (808) 521-0416
Fax No. (808) 521-0497
Email: wbeh@rmhawaii.com

Attorney for Plaintiff

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 SEP -7  PM 12: 06

E. STAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL JACK GRISHAM, WELLS FARGO BANK, N.A., ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION, by its Board of Directors, DISCOVER BANK, UNITED STATES OF AMERICA, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>Defendants. | Civil No. 11-1-0974-05<br>(Foreclosure)<br><br>NOTICE OF ENTRY OF JUDGMENT |

NOTICE OF ENTRY OF JUDGMENT

Pursuant to the provisions of the Hawaii Rules of Civil

Procedure, Rule 77(d), NOTICE IS HEREBY GIVEN of the entry of

.

S.\Wpdata\WBeh\10914-40779\Judicial\Pleadings\009.wpd

**EXHIBIT-03**

Judgment in favor of Plaintiff and against all defendants in the above-entitled action.

SEP - 7 2011

DATED: Honolulu, Hawaii, _____ .

BY ORDER OF THE COURT

_____
F. OTAKE
Clerk of the above-entitled Court

Copies mailed to:  (at last known address)

WALTER BEH, II, ESQ.
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Attorney for Plaintiff

RUSSELL JACK GRISHAM
2029 Ala Wai Blvd., PH-1
Honolulu, HI 96815-5111
Defendant

WELLS FARGO BANK, N.A.
c/o Corporation Service Company
26 W Sixth Avenue
Helena, MT 59624
Defendant

MILTON M. MOTOOKA, ESQ.
CLAY W. VALVERDE, ESQ.
1000 Bishop Street, Suite 801
Honolulu, HI 96813
Attorneys for Defendant Association
   of Apartment Owners of Ala Wai Mansion,
   By its Board of Directors

DISCOVER BANK
c/o 502 East Market Street
Greenwood, DE 19950
      and
100 West Market
P.O. Box C
Greenwood, DE 19950
      and

**EXHIBIT-03**

c/o Guy C. Zukeran, Esq.
1050 Bishop Street, Suite 545
Honolulu, HI 96813
Defendant

EDRIC M. CHING, ESQ.
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, HI 96850
Attorney for Defendant
   United States of America

NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A
DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE,
AND THAT THE DEBT MAY BE DISPUTED.

**EXHIBIT-03**

# RUSH MOORE LLP
### A Limited Liability Law Partnership

Attorneys at Law

Offices in Honolulu, Maui and Kona

Honolulu Office: 737 Bishop Street, Suite 2400, Honolulu, Hawaii 96813 / Tel. (808) 521-0400 / Fax (808) 521-0497

Direct Dial Number: 521-0416
E-mail:  wbeh@rmhawaii.com

September 8, 2011

Dexter Higa
707 Richards Street, Suite 510
Honolulu, HI 96813

Re:  Wells Fargo vs. Russell Jack Grisham
Civil No. 11-1-0974-05

Dear Dexter:

In connection with your appointment as Commissioner in the above captioned action, enclosed please find the following:

1.    Plaintiff's Findings of Fact; Conclusions of Law; Order Granting Motion for Summary Judgment As Against All Defendants and for Interlocutory Decree of Foreclosure appointing you as Commissioner in this action; and

2.    The title report covering the property which is the subject of this action.

We would like to call to your attention the fact that the Order requires that you publish your advertisement "once a week for three weeks".  Please do not publish your advertisement in more than one newspaper.  In your letter to the newspaper requesting publication of your advertisement, would you please emphasize that you wish the advertisement to be run in only the Advertiser or only the Star Bulletin.

For your information, attached is a list of the parties involved in this action.

The property which is the subject of this foreclosure is situate at:

2029 Ala Wai Boulevard, PH-A
Honolulu, Hawaii  96815

Enclosed please find a Commissioner's Checklist.  Following your inspection of the property, please complete the checklist as accurately as possible and return it to me.  Please attend to the inspection and the completion of the checklist at your earliest convenience.

Be aware that the property will be sold unfurnished, without personal property, except for the personal property, if any, listed at the end of Exhibit "A" to the Order.  All fixtures in the unit

CARRINGTON

**EXHIBIT-04**

Dexter Higa
Page 2

will be included in the sale.  As you know, a fixture is, generally speaking, an item which has become a part of the unit and the removal of which would result in damage to the unit.  (If an appliance can be unplugged and easily removed, it is not a fixture.)

If the property is non-owner occupied or vacant and as you are now responsible for the control of the property, please change the locks to the premises immediately.  If the premises are occupied by a tenant, after making arrangements with the tenant, have the locks changed and provide the tenant with a new set of keys.  You should control access to the premises at all times until you are discharged of your duties. Thus, it is important for you to know the location of the keys at all times.

If there is a tenant in the property, please obtain a copy of the Rental Agreement, if any, and ascertain if there is a security deposit and who is in possession of said security deposit.  If the property is occupied by a tenant, please make arrangements to collect and retain all rental income.  If this property is part of a rental pool, determine if any deductions are being made from the rent by the rental agent.  The rental agent may <u>not</u> deduct maintenance fees, late fees, attorneys' fees and the like from the rent received and accordingly, you should advise the agent of this fact.

If there is a tenant in the subject property, we call your attention to the provisions of Section 521-44 of the Hawaii Revised Statutes.  That section provides that if the Landlord has required and received a security deposit, the Landlord shall provide an accounting of the security deposit at or before the time of the transfer of the Landlord's interest.  Within 20 days thereafter, the Landlord's successor shall give written notice to the tenant of the amount of the security deposit credited to the tenant.  In the event the Landlord's successor fails to carry out the requirements of this section, it is presumed that the tenant has a security deposit equal to no less than one month's rent and the Landlord's successor in interest is bound by this amount.  Therefore, you should immediately inquire of the owner and the tenant as to whether there was a security deposit, the amount thereof, and the security deposit's location.  If the security deposit is still in the hands of the owner or a Managing Agent, you should immediately seek payment of that amount to you as Commissioner.  Within 20 days after your appointment as Commissioner, you should attempt to obtain this information and give the required written notice as to the amount of the security deposit to the tenant as required by this section.  If you are unable to determine whether or not there is a security deposit within the 20 day period, you should give written notice to the tenant that you are unable to determine whether or not there was a security deposit and that it will be presumed that there is none.

Be aware that if you collect rental income, under Hawaii law, you must obtain a general excise tax license and are responsible for and should pay tax equal to four percent (4%) of the gross

**EXHIBIT-04**

Dexter Higa
Page 3

income collected.  If a rental agent collects the rental income, the rental agent should collect and pay the tax before paying the net rental to you (please clarify this point with any rental agent).

Federal law requires that we obtain your Social Security Number or Federal Tax Identification Number.  Therefore, please complete, sign and date the enclosed Request for Taxpayer Identification Number and Certification (Form W-9).  Please return the completed form to us at your earliest possible convenience, as payment of your Commissioner's fee cannot be made to you without this information.

Please refer to the above case reference in all correspondence concerning this matter which you forward to this office.

If you have any questions concerning the above, do not hesitate to contact me.

Sincerely yours,

RUSH MOORE LLP
A Limited Liability Law Partnership

By _____
       Walter Beh, II

WB:lco
Enclosures
cc:  Russell Jack Grisham
     Wells Fargo Bank, N.A.
     Milton M. Motooka, Esq.
     Discover Bank
     Guy C. Zukeran, Esq.
     Edric M. Ching, Esq.

THIS LAW FIRM, AS ATTORNEYS FOR YOUR CREDITOR, IS ACTING AS A "DEBT COLLECTOR" AND IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Dexter Higa
Page 4


PARTIES INVOLVED IN THIS ACTION:

        RUSSELL JACK GRISHAM
        2025 Ala Wai Blvd., PH-1
        Honolulu, HI 96815-5111
        Defendant

        WELLS FARGO BANK, N.A.
        c/o Corporation Service Company
        26 W Sixth Avenue
        Helena, MT 59624
        Defendant

        MILTON M. MOTOOKA, ESQ.
        CLAY W. VALVERDE, ESQ.
        1000 Bishop Street, Suite 801
        Honolulu, HI 96813
        Attorneys for Defendant Association
          of Apartment Owners of Ala Wai Mansion,
          By its Board of Directors

        DISCOVER BANK
        c/o 502 East Market Street
        Greenwood, DE 19950
           and
        100 West Market
        P.O. Box C
        Greenwood, DE 19950
           and
        c/o Guy C. Zukeran, Esq.
        1050 Bishop Street, Suite 545
        Honolulu, HI 96813
        Defendant

        EDRIC M. CHING, ESQ.
        Assistant U.S. Attorney
        Room 6-100, PJKK Federal Building
        300 Ala Moana Boulevard
        Honolulu, HI 96850
        Attorney for Defendant
          United States of America

**EXHIBIT-04**

# LAW OFFICE OF DEXTER T. HIGA
## A LIMITED LIABILITY LAW COMPANY

SUITE 510, OCEAN VIEW CENTER
707 RICHARDS STREET
HONOLULU, HAWAII 96813

TELEPHONE: (808) 525-5665
FACSIMILE: (808) 525-5672
Email: dexter@dthiga-law.com

September 14, 2011

Mr. Russell Jack Grisham
2029 Ala Wai Boulevard, PH-3
Honolulu, Hawaii 96815-5111

Dear Mr. Grisham:

> Re   Wells Fargo Bank, N.A., As Trustee For Carrington
>      Loan Trust, Series 2006-NC2 Asset-Backed Pass-
>      Through Certification vs. Russell Jack Grisham, et al.;
>      Civil No. 11-1-0974-05 (Foreclosure);
>      TMK No.   (1) 2-6-015-009-0033
>      Address:   2030 Ala Wai Boulevard, PH-3
>                 Honolulu, Hawaii 96815

Please be advised that I have been appointed Commissioner by the Circuit Court of the First Circuit, State of Hawaii, in the above-referenced foreclosure action. As the Commissioner, I am authorized to take title and possession of the above-described real property, advertise it for sale, and sell the above-described property at a foreclosure auction.

Further, in respect to my duties as Commissioner, I must inspect the property, take an inventory, and change the locks on any residences on the real property. Please contact me immediately to set up a convenient date to arrange the inspection, inventory, and the changing of the locks, if necessary.

Also, please be prepared to vacate the property upon the confirmation of the foreclosure sale. I will inform you when you must vacate the property.

Further, if the subject property is currently being rented, please provide me with the name and telephone number(s) of the person(s) renting the subject property and your rental agent, if you retained one. I will also need to receive from you, a copy of the rental agreement, keys to the property, and the security deposit. I will be informing the tenant(s) that all future rental payments must be directed to my office until the property is sold at the foreclosure sale.

**EXHIBIT-04**

Mr. Russell Jack Grisham
September 14. 2011
Page 2 of 2

      I anticipate your full cooperation with me in carrying out my duties as Commissioner. Any difficulties I may experience due to your lack of cooperation may result in more of time being spent on the case, which will serve to increase the commissioner's fees charged against the sale proceeds from the foreclosure sale.

      Finally, it is especially important that you allow me access to the property for an inspection, inventory, changing of locks, and open houses. If I am unable to gain access to the property, I may seek approval of the Court to sell the property without an open house, which may result in a lower sale price and thus decrease the sale proceeds available for eventual distribution to the parties.

      It is also very important that you provide me with your full name and your residence and business telephone numbers so I may be able to directly contact you regarding the foreclosure of your property.

      If you have any questions regarding the above-referenced foreclosure action, please do not hesitate to call or write me.

      Your cooperation in this matter is appreciated

          Very truly yours,

          LAW OFFICE OF DEXTER T. HIGA,
          A Limited Liability Law Company

          By _____
            DEXTER T. HIGA
            COMMISSIONER

DTh nm
cc:   Walter Beh. II. Esq.

Certified, Return Receipt Mail and
U.S. Mail

**EXHIBIT-04**



STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
April 8, 2013 10:45 AM
Doc No(s) T-8498293
on Cert(s) 125594
Issuance of Cert(s)

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR



1    2 / 2    ZMA
B-32242731

| LAND COURT | REGULAR SYSTEM |
|---|---|
| After Recordation, Return by ☒ Mail ☐ Pickup to:<br>Teresa J. Moore<br>P.O. Box 75217<br>Honolulu, Hawaii 96836 | This document contains 3 pages |

## MEMORANDUM AND NOTICE OF LEASE

This Memorandum of Lease is entered into as of April 5, 2013 by and between Russell Jack Grisham, an unmarried man, whose address is 2029 Ala Wai Boulevard, Honolulu, Hawaii 96815, as the Landlord and Teresa Jean Moore, the wife of Robert-Garvin: Moore, whose address is Post Office Box 75217, Honolulu, Hawaii 96836, as the Tenant with reference to the following facts:

1. **DEMISE:** By the operation of a Residential Lease Agreement on the October 1, 2012 between the Landlord and the Tenant, the Landlord has leased to the Tenant and the Tenant has leased from the Landlord a portion of the premises at 2029 Ala Wai Boulevard, Apartment PH1, Honolulu, Hawaii (See Attached Legal Description).

2. **TERM:** The initial term of the lease is three-years (3-years) commencing on the October 1, 2012 and ending on the October 1, 2015.

3. **RENEWAL:** Upon the expiration of the initial term, the Tenant has the right and the option to renew the lease for three additional terms of three-years.

IN WITNESS WHEREOF, the Landlord and the Tenant hereto have executed this Memorandum of Lease on the ___8ᵗʰ___ day of April 2013.

_Teresa J. Moore_

For the Tenant  Teresa Jean Moore

_Russell Jack Grisham_

For the Landlord  Russell Jack Grisham

**EXHIBIT-05**

## LEGAL DESCRIPTION

ALL THE PREMISES COMPRISING A PORTION OF THE "ALA WAI MANSION", A CONDOMINIUM PROJECT (HEREINAFTER CALLED THE "PROJECT") AS DESCRIBED IN AND ESTABLISHED BY DECLARATION OF HORIZONTAL PROPERTY REGIME RECORDED AS LAND COURT DOCUMENT NO. 490922, AS AMENDED, OF OFFICIAL RECORDS (HEREINAFTER CALLED THE "DECLARATION"), SAID PREMISES BEING MORE DESCRIBED AS FOLLOWS:

FIRST: APARTMENT NO. PH-A, AS SHOWN ON THE PLANS THEREOF FILED AS CONDOMINIUM MAP NO. 92 (HEREINAFTER CALLED THE CONDOMINIUM MAP)

TOGETHER WITH THE FOLLOWING APPURTENANT EASEMENTS:

A) AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. L-15 AND STORAGE CUBICLE A AS SHOWN ON CONDOMINIUM MAP.

B) NONEXCLUSIVE EASEMENTS IN THE COMMON ELEMENTS DESIGNED FOR SUCH PURPOSES FOR INGRESS TO, EGRESS FROM, UTILITY SERVICES FOR, AND SUPPORT OF SAID APARTMENT, IN THE OTHER COMMON ELEMENTS FOR USE ACCORDING TO THEIR RESPECTIVE PURPOSES, SUBJECT ALWAYS TO THE EXCLUSIVE USE OF THE LIMITED COMMON ELEMENTS AS PROVIDED IN THE DECLARATION, AS AMENDED, AND IN THE OTHER APARTMENTS AND COMMON ELEMENTS OF THE PROJECT FOR SUPPORT.

SECOND: AN UNDIVIDED 5.68 PERCENT INTEREST IN ALL COMMON ELEMENTS OF THE PROJECT AS ESTABLISHED FOR SAID APARTMENT BY THE DECLARATION OR SUCH OTHER FRACTIONAL OR PERCENTAGE INTEREST AS HEREAFTER ESTABLISHED FOR SAID APARTMENT BY AND AMENDMENT OF THE DECLARATION (HEREAFTER REFERRED TO AS LESSEE'S "PROPORTIONATE SHARE"), AS TENANTS IN COMMON WITH THE OTHER OWNERS AND TENANTS THEREOF, SUBJECT TO ALL EASEMENTS APPURTENANT TO ANY APARTMENT OF THE PROJECT AND TO ALL ENCUMBRANCES, EXCEPTIONS AND RESERVATIONS NOTED BY SAID DECLARATION.

A LEASEHOLD ESTATE AS CREATED BY THAT CERTAIN LEASE DATED MAY 2, 1972, EXECUTED BY ALA WAI MANSION, INC., A HAWAII CORPORATION, AS LESSOR, AND LEROY PERCY BASS AND SHIRLEY JEAN BASS, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY, AS LESSEE, FOR A TERM FROM MAY 2, 1972 AND ENDING DECEMBER 31, 2050, RECORDED AS LAND COURT DOCUMENT NO. 580307 OF OFFICIAL RECORDS.

THE LESSEE'S INTEREST UNDER THE LEASE HAS BEEN ASSIGNED TO RUSSELL JACK GRISHAM, UNMARRIED, BY MESNE ASSIGNMENTS RECORDED OCTOBER 9, 2003 AS LAND COURT DOCUMENT NO. 3007815 OF OFFICIAL RECORDS.

ALL OF THAT CERTAIN PARCEL OF LAND SITUATE AT WAIKIKI, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, DESCRIBED AS FOLLOWS:

LOT 185-A, AREA 9,914 SQUARE FEET, MORE OR LESS, AS SHOWN ON MAP 63, FILED WITH LAND COURT APPLICATION NOS. 537 AND 550 OF JOHN FRANCIS BOWLER AND AUGUST AHRENS, LIMITED.

BEING A PORTION OF THE PROPERTY DESCRIBED IN AND COVERED BY TRANSFER CERTIFICATE OF TITLE NO. 125,594.

# EXHIBIT A

# EXHIBIT-05

## ACKNOWLEDGEMENT

STATE OF HAWAII                          )
                                         ) S.S.
CITY AND COUNTY OF HONOLULU              )

On this __8th__ day of __April 2013__, before me personally appeared Russell Jack Grisham and Teresa Jean Moore, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

*Edna C Moreau*

Notary Public, State of Hawaii
Edna C Moreau

My Commission expires: ___08-29-2016___



Doc. Date: ___04-08-2013___ # Pages ___3___

Notary Name: Edna C. Moreau        First Circuit

Doc. Description __MEMORANDUM AND NOTICE OF LEASE__

*Edna C Moreau*  ___04-08-13___
Notary Signature                Date



**EXHIBIT-05**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

In re

RUSSELL JACK GRISHAM,

Debtor.

Case No.: 11-02924
Chapter 13

Re: Docket No. 45

## JUDGMENT

Pursuant to the Findings of Fact and Conclusions of Law on Motion for Sanctions for Automatic Stay Violations, filed concurrently herewith,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Russell Jack Grisham have judgment against the Association of Apartment Owners of Ala Wai Mansion in the amount of $8,940.00.

*/s/ Robert J. Faris*
**United States Bankruptcy Judge**
Dated: **02/04/2013**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

In re

RUSSELL JACK GRISHAM,

Debtor.

Case No. 11-02924
Chapter 13

Re: Docket No. 45

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR SANCTIONS FOR AUTOMATIC STAY VIOLATIONS

On May 4, 2012, the debtor filed a motion for sanctions based on alleged violations of the automatic stay by the Association of Apartment Owners of Ala Wai Mansion ("AOAO"). The parties submitted all evidence in writing, and both parties declined to cross examine any witnesses. Final argument was held on January 29, 2013. At final argument, Dexter Kaiama appeared on behalf of the debtor (for purposes of the final argument only), and Carlos Perez-Mesa and Anna Valiente appeared for the AOAO.

Based on the evidence presented, I make the following

### FINDINGS OF FACT

1.    Russell Jack Grisham owns a penthouse apartment in the Ala Wai Mansion condominium. The AOAO owns and operates the common elements of the project and charges the cost of operating the project to the apartment owners.

One electrical meter serves the entire project. The AOAO pays for all electricity usage and then includes the cost of electricity in its billings to the owners.

2.      Mr. Grisham has long faced foreclosure. On September 7, 2011, Mr. Grisham's first mortgagee obtained a decree of foreclosure. In addition, he had not paid any amounts claimed by the AOAO for about two years, and the AOAO had demanded payment of more than $35,000.

3.      In an effort to stave off the foreclosure, Mr. Grisham filed a chapter 7 case in 2010, but the mortgagee obtained relief from the stay to resume its foreclosure. He filed a second chapter 7 case in 2011, but the court dismissed this case because he failed to file the required schedules of assets and liabilities and related documents.

4.      Mr. Grisham commenced this chapter 13 case on November 8, 2011. The AOAO had actual notice of Mr. Grisham's chapter 13 filing.

5.      The AOAO's board was frustrated by Mr. Grisham's failure to pay his share of the common area expenses and other charges, because it meant that he enjoyed electrical service and the use of the common elements for free, at the expense of his fellow apartment owners. One of the board members, who is an attorney, decided that the AOAO could cut off electrical service to Mr. Grisham's apartment under Bankruptcy Code § 366. With the board's unanimous approval,

2

the AOAO deliberately cut off the electrical service to Mr. Grisham's apartment on May 1, 2012.

6.    Mr. Grisham demanded that the AOAO restore the electrical service, but the AOAO refused.  On May 4, 2012, Mr. Grisham filed an emergency motion asking the court to enforce the automatic stay by requiring the AOAO to restore the electrical service and to impose sanctions on the AOAO.  In response, the AOAO argued that it is a "utility" within the meaning of section 366 and that it was entitled to cut off the power because Mr. Grisham had not provided adequate assurance of payment for post-petition electrical service.

7.    The motion was heard on May 10, 2012.  I told the AOAO that I thought it is not a "utility" within the meaning of section 366 and that the AOAO had violated the automatic stay.  I said that relief from the stay might be warranted but that self-help is not permitted.  Because the AOAO requested an opportunity for futher briefing and the matter was heard on very short notice, I continued the matter to May 29.

8.    On May 29, 2012, I ruled definitively that the AOAO is not a "utility."  The AOAO's counsel asked if I was ordering the AOAO to restore the electricity, but I declined to do so on the ground that the automatic stay already required the AOAO to do so.  I established a schedule for further proceedings to

3

**EXHIBIT-06**

establish the remedy for the violation.

9.    On May 30, 2012, the AOAO restored the electrical service to Mr. Grisham's apartment.

10.    Mr. Grisham has established, by a preponderance of the evidence and with a reasonable degree of certainty, that he suffered the following damages as a direct, proximate, and foreseeable result of the AOAO's termination of electrical service to his apartment:

a.    Cost of food spoiled by loss of power to refrigerator: $550.00.

b.    Cost of supplies and equipment to cook and provide light in the absence of regular electrical power: $910.00.

c.    Restaurant meals consumed due to difficulty in cooking without electricity: $630.00.

11.    Mr. Grisham claims that he lost substantial income from actual and potential tenants of rooms in his apartment who terminated their agreements with him due to the AOAO's stay violation.  Mr. Grisham has failed to prove most of this claim with the requisite degree of certainty.

a.    Angela Kneale was renting a portion of the apartment from Mr. Grisham for $850 per month when the AOAO cut the power.  She filed an action in the state district court for an injunction requiring Mr. Grisham to restore the

4

power. The district court did not grant the request because of the automatic stay of actions against Mr. Grisham. She did not immediately move out of the apartment because she could not find another place to live. Eventually, she terminated her lease and moved out. I find that the AOAO's disconnection of the power caused Mr. Grisham to lose $850 of rent from Ms. Kneale for May 2012. Because her lease was month to month, she and Mr. Grisham each had the right to terminate it for any reason or no reason on 45 days notice. Therefore, one cannot determine without speculation whether and for how long Ms. Kneale would have remained in the apartment after May 2012, and how much rent she would have paid, had the AOAO not cut the power.

        b.      Mr. Grisham entered into an agreement with Mr. and Mrs. Bill Espinosa, dated April 24, 2012, pursuant to which Mr. and Mrs. Espinosa agreed to rent two bedrooms and one bathroom in the apartment for a five year term at $2,000 per month. Mr. Grisham and the Espinosas testified that the Espinosas terminated the agreement after the AOAO cut the power; the Espinosas did not want to live in a condominium run by a board which they perceived as tyrannical. The amount of rent that the Espinosas would have paid to Mr. Grisham is speculative. It is hard to understand how he could have rented two bedrooms to the Espinosas since there are only three bedrooms in the apartment and Mr.

5

Grisham, his ex-wife, his son, and one tenant (Ms. Kneale) were already living there. Further, the first mortgagee had already obtained a decree of foreclosure; it is impossible to say with any degree of certainty how long Mr. Grisham would have been able to rent rooms to anyone.

c.     Mr. Grisham entered into an agreement with Sherry Parkinson pursuant to which Ms. Parkinson agreed to rent two rooms in the apartment for a six month period commencing on May 15, 2012, at $2,000 per month. Mr. Grisham and Ms. Parkinson agreed to delay the commencement to June 15, 2012, because the AOAO had cut the power, provided that Mr. Grisham paid $1,200 of moving expenses for Ms. Parkinson. (There is no evidence that Mr. Grisham actually paid this amount.) Ms. Parkinson moved into temporary accommodations while waiting for the power to be restored. Once she was settled in to the new place, she decided to stay there and cancelled her agreement with Mr. Grisham. As in the case of the Espinosas, Mr. Grisham has failed to prove the amount of any damages he suffered on account of the Parkinson agreement with the requisite certainty.

12.     Mr. Grisham seeks to recover for his time spent and out of pocket expenses incurred (for supplies, parking, postage, temporary office rental, and the like) in attempting to require the AOAO to restore the power, in the total amount

6

of \$13,125.00. Mr. Grisham has failed to establish his lost income and the value of his time with sufficient certainty. I will also deny this request for the legal reasons explained below.

13.    Mr. Grisham claims that the AOAO's conduct caused him to suffer emotional distress. Mr. Grisham offered uncontroverted testimony about the stress which he suffered while the power was cut, to the point that he began to suffer rectal bleeding.

a.    Mr. Grisham has clearly established that he suffered significant emotional distress as a direct result of the AOAO's disconnection of the power. Living in a modern high-rise apartment for weeks without electrical service would distress any reasonable person.

b.    The power cut was not the only source of emotional trauma in Mr. Grisham's life. He was facing foreclosure on his home and had filed three bankruptcy cases in an attempt to avoid that result. Some time earlier, his long-divorced ex-wife asked if she and their son could move into the apartment while she underwent chemotherapy treatments for cancer. Mr. Grisham generously agreed, despite the fact that he and his ex-wife had an acrimonious relationship. Their son's testimony eloquently describes how miserable they made each other while living together. The disconnection of electrical service made the situation

7

worse, but the situation was terrible to begin with due to circumstances for which the AOAO is not responsible.

        c.     Based on all of the evidence, I find that the AOAO's disconnection of the power caused Mr. Grisham to suffer emotional distress damages in the amount of $2,000.00.

     14.    From May 1 (when the AOAO first disconnected the power) until May 10 (when the first hearing on Mr. Grisham's motion was held), the AOAO's conduct was not so egregious as to warrant punitive damages. During that period, the AOAO believed that it had the legal right to terminate the power service. On May 10, however, I told the AOAO's counsel that I did not agree with that theory and that the AOAO was proceeding at its own risk. The AOAO chose to ignore that warning, and instead repeated the same arguments which I had considered and rejected at the first hearing. I find that the AOAO's conduct after May 10 was sufficiently egregious and wanton to warrant an award of punitive damages in the amount of $4,000.00. This amount is appropriate and proportional to the AOAO's misconduct; it is slightly less than two months common area charges and other fees which Mr. Grisham owes to the AOAO.

    Based on the foregoing findings of fact, I make the following

8

## CONCLUSIONS OF LAW:

1.  The court has jurisdiction of the parties and the subject matter. The bankruptcy court has statutory and constitutional power to enter a final judgment in this matter.

2.  The AOAO is not a "utility" within the meaning of Bankruptcy Code § 366.

3.  The AOAO violated the automatic stay of Bankruptcy Code § 362 when it cut off electrical service to Mr. Grisham as a result of his failure to pay pre- and postpetition amounts owed to the AOAO.

4.  If a creditor "willfully" violates the automatic stay, an individual debtor "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The debtor bears the burden of proving that the creditor's actions were willful. Eskanos & Adler, P.C. v. Roman (In re Roman), 283 B.R. 1, 7–8 (B.A.P. 9th Cir. 2002). To be "willful", the creditor must know of the automatic stay, and its actions that violate the stay must be intentional. Ozenne v. Bendon (In re Ozenne), 337 B.R. 214, 220 (B.A.P. 9th Cir. 2006) (citing In re Peralta, 317 B.R. 381, 389 (B.A.P. 9th Cir. 2004)).

5.  The AOAO's violation was wilful. I have found that it had actual

9

notice of Mr. Grisham's bankruptcy filing and that it acted deliberately.

6.      Mr. Grisham bears the burden of proving, by a preponderance of the evidence, that he suffered damages as a result of the stay violations.  Dawson v. Washington Mut. Bank, F.A. (In re Dawson), 390 F.3d 1139, 1149 (9th Cir. 2004); Goichman v. Bloom (In re Bloom), 875 F.2d 224, 227–28 (9th Cir. 1989). A debtor must support a claim for actual damages with reasonable certainty; a claim cannot be speculative or based upon conjecture. See In re Heghmann, 316 B.R. 395, 405 (B.A.P. 1st Cir. 2004) ("[A]ctual damages should be awarded only if there is concrete evidence supporting the award of a definite amount.").

7.      As set forth in the findings of fact, Mr. Grisham has proved some, but not all, of his claimed damages with the requisite degree of certainty and definiteness.

8.      An unrepresented party is not entitled to claim damages for time spent on the litigation, because this would be the equivalent of awarding an attorneys' fee to a nonattorney.  Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987). Mr. Grisham's claim for his time and expenses incurred in litigating with the AOAO is therefore not allowable.

9.      To recover damages for emotional distress, Mr. Grisham must: (1) demonstrate that he suffered significant harm, (2) clearly establish the

**EXHIBIT-06**

significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay. In re Dawson, 390 F.3d at 1149.

10.    Mr. Grisham has proven that he clearly suffered significant emotional harm as a direct result of the AOAO's violation of the automatic stay, and that the appropriate amount of damages is $2,000.00.

11.    Punitive damages are only awarded "in appropriate circumstances." 11 U.S.C. § 362(k)(1). Punitive damages for violation of the automatic stay are limited to situations where a creditor engaged in "egregious, intentional misconduct." McHenry v. Key Bank (In re McHenry), 179 B.R. 165, 168 (B.A.P. 9th Cir. 1995); see also In re Bloom, 875 F.2d at 224 (9th Cir. 1989) (observing that the court has "traditionally been reluctant to grant punitive damages absent some showing of reckless or callous disregard for the law or rights of others.").

12.    As set forth in the findings of fact, Mr. Grisham has shown that a portion of the AOAO's conduct was egregious and intentional and displayed callous disregard for his legal rights.

* * *

The court will enter a separate final judgment in favor of Mr. Grisham and against the AOAO in the amount of $8,940.00.

/s/ *Robert J. Faris*
**United States Bankruptcy Judge**
Dated: **02/04/2013**

11



**STATE OF HAWAII**
**OFFICE OF ASSISTANT REGISTRAR**
**RECORDED**
April 8, 2013 10:45 AM
Doc No(s) T-8498292
on Cert(s) 125594
Issuance of Cert(s)

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR



1    1 / 2    ZMA
B-32242731

LAND COURT                          REGULAR SYSTEM
(AREA ABOVE RESERVED FOR RECORDING INFORMATION)

After Recordation, Return by Mail  ☒  or  Pick-up  ☐  Phone#: (808) 256-7004

FILL IN NAME AND ADDRESS BELOW:

Robert Garvin-Moore
PO Box 75217
Honolulu Hawaii 96836

DOCUMENT CONTAINS __11__ PAGES

**EXHIBIT-07**

# Security Agreement

This AGREEMENT is made on this April 05, 2013, between Russell Jack Grisham, an unmarried man, of 2029 Ala Wai Boulevard, Apartment PH1, Honolulu, Hawaii, 96815, hereinafter Debtor, and Robert-Garvin: Moore, husband of Teresa Jean Moore, of Post Office Box 75217, Honolulu, Hawaii 96836, hereinafter Secured Party. The Parties to this Agreement agree to the following:

## 1. Creation of Security Interest

The Secured Party shall secure the payment and performance of Debtor's promissory note in the principal amount of $44,000.00 and the payment and performance of all other liabilities and obligations of Debtor to Secured Party of every kind and description, direct or indirect, absolute or contingent, due or to become due now existing or hereafter arising. In addition, Debtor hereby grants to Secured Party a security interest in the Collateral described in Paragraph 2 to secure the performance or payment of the Obligations of Debtor to Secured Party under Paragraph 4.

## 2. Collateral

The Collateral of this Security Agreement is as follows:

2029 Ala Wai Boulevard, Honolulu, Hawaii (See Legal Description at Exhibit A and B)

## 3. Security Interest

Debtor grants to Secured Party a security interest in the Collateral as described in Paragraph 2 now or hereafter placed upon the premises located at 2029 Ala Wai Boulevard, Apartment PH1, Honolulu, Hawaii, Hawaii 96815, or used in connection therewith and in which Debtor now has or hereafter acquires any right and the proceeds wherefrom. Debtor also assigns to Secured Party a security interest in any other rights or interests in which Debtor now has or hereafter acquires.

## 4. Warrants and Covenants

Debtor hereby warrants and covenants that: Debtor shall pay to Secured Party the sum or sums evidenced by the promissory note or notes executed pursuant to this Security Agreement in accordance with the terms of the note or notes. The collateral will not be removed from the Premises other than in the ordinary course of business. Debtor will immediately notify Secured Party in writing of any change in Debtor's address. The Debtor will not sell, dispose, or otherwise transfer the collateral or any interest therein without the prior written consent of Secured Party, and the Debtor shall keep the collateral free from unpaid charges, taxes, and liens. Debtor shall maintain insurance at all times with respect to all collateral against risks of fire, theft, and other such risks and in such amounts as Secured Party may require. The Debtor shall make all repairs, replacements, additions, and improvements necessary to maintain any Collateral in good working order and condition as of the date of the agreement.

## 5. Default

The Debtor shall be in default under this Agreement upon any non compliance with or non performance of the Debtor's obligations under this Agreement. Upon default and at any time thereafter, Secured Party may declare all obligations secured hereby immediately due and payable and shall have the remedies of a Secured Party under the law.

## 6. Waiver

No waiver by Secured Party of any default shall operate as a waiver of any other default or of the same default on a future occasion.

## 7. Notices

Any notices required to be given under this Agreement by either party to the other may be effected by personal delivery in writing or by registered or certified mail, postage prepaid, return receipt requested. A notice shall be deemed communicated as of the time of delivery if personally delivered, or as of the time of mailing. The address of the Debtor for the purpose of receiving notice shall be 2029 Ala Wai Boulevard, Apartment PH1, Honolulu, Hawaii. 96815. The address of the Secured Party for this purpose shall be Post Office Box 75217, Honolulu, Hawaii 96836. Either party may change its address for the purpose of receiving notice by giving the other party written notice of the change.

## 8. Governing Law

This Agreement shall be construed under and in accordance with the laws of Hawaii and all obligations of the parties created under this Agreement are performable in Hawaii.

## 9. Parties Bound

This Agreement shall be binding on and inure to the benefit of the parties to this Agreement and their respective heirs, executors, administrators, legal representatives, successors and assigns as permitted by this Agreement.

## 10. Legal Construction

In the event, any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability shall not affect any other provision. This Agreement shall be construed as if the invalid, illegal, or unenforceable provision had never been contained in it.

## 11. Prior Agreements Superseded

This Agreement constitutes the sole and only agreement of the parties and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter of this Agreement.

## 12. Amendments

This Agreement may be amended by the parties only by a written agreement.

## 13. Attorney's Fees

If any action at law or in equity is brought to enforce or interpret the provisions of this Agreement, the prevailing party will be entitled to reasonable attorneys' fees in addition to any other relief to which that party may be entitled.

Executed this 5 day of April , 2013.

Russell Jack Grisham

By Russell Jack Grisham, its Borrower

Robert-Garvin: Moore

By Robert-Garvin: Moore, its Lender and Secured Party

**EXHIBIT-07**

## Acknowledgment

STATE OF HAWAII )
                           ) SS
CITY AND COUNTY OF HONOLULU )

On this ___05___ day of ___April 2013___, before me personally appeared Robert-Garvin: Moore, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

_Edna C Moreau_

NOTARY PUBLIC, State of Hawaii
Edna C Moreau
My commission expires ___08-29-2016___



Doc. Date: __04-05-13__ # Pages __10__

Notary Name: Edna C. Moreau    First Circuit

Doc. Description __Security Agreement__

_Edna C Moreau_ __04-05-13__
Notary Signature          Date

**EXHIBIT-07**

## Acknowledgment

STATE OF HAWAII                                           )
                                                         ) SS
CITY AND COUNTY OF HONOLULU                              )

On this _____05_____ day of __APRIL 2013__, before me personally appeared
Russell J. Grisham, to me personally known, who, being by me duly sworn or affirmed,
did say that such person(s) executed the foregoing instrument as the free act and deed of
such person(s), and if applicable in the capacity shown, having been duly authorized to
execute such instrument in such capacity.

_____
NOTARY PUBLIC, State of Hawaii
EDNA C MOREAU

My commission expires _____08-29-2016_____

Doc. Date: _04-05-13_    # Pages ___10___

Notary Name: Edna C. Moreau    **First Circuit**

Doc. Description ___SECURITY AGREEMENT___

_____
Notary Signature                    _04-05-13_
                                    Date



**EXHIBIT-07**

## LEGAL DESCRIPTION

ALL THE PREMISES COMPRISING A PORTION OF THE "ALA WAI MANSION", A CONDOMINIUM PROJECT (HEREINAFTER CALLED THE "PROJECT") AS DESCRIBED IN AND ESTABLISHED BY DECLARATION OF HORIZONTAL PROPERTY REGIME RECORDED AS LAND COURT DOCUMENT NO. 490922, AS AMENDED, OF OFFICIAL RECORDS (HEREINAFTER CALLED THE "DECLARATION"), SAID PREMISES BEING MORE DESCRIBED AS FOLLOWS:

FIRST: APARTMENT NO. PH-A, AS SHOWN ON THE PLANS THEREOF FILED AS CONDOMINIUM MAP NO. 92 (HEREINAFTER CALLED THE CONDOMINIUM MAP)

TOGETHER WITH THE FOLLOWING APPURTENANT EASEMENTS:

A) AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. L-15 AND STORAGE CUBICLE A AS SHOWN ON CONDOMINIUM MAP.

B) NONEXCLUSIVE EASEMENTS IN THE COMMON ELEMENTS DESIGNED FOR SUCH PURPOSES FOR INGRESS TO, EGRESS FROM, UTILITY SERVICES FOR, AND SUPPORT OF SAID APARTMENT, IN THE OTHER COMMON ELEMENTS FOR USE ACCORDING TO THEIR RESPECTIVE PURPOSES, SUBJECT ALWAYS TO THE EXCLUSIVE USE OF THE LIMITED COMMON ELEMENTS AS PROVIDED IN THE DECLARATION, AS AMENDED, AND IN THE OTHER APARTMENTS AND COMMON ELEMENTS OF THE PROJECT FOR SUPPORT.

SECOND: AN UNDIVIDED 5.68 PERCENT INTEREST IN ALL COMMON ELEMENTS OF THE PROJECT AS ESTABLISHED FOR SAID APARTMENT BY THE DECLARATION OR SUCH OTHER FRACTIONAL OR PERCENTAGE INTEREST AS HEREAFTER ESTABLISHED FOR SAID APARTMENT BY AND AMENDMENT OF THE DECLARATION (HEREAFTER REFERRED TO AS LESSEE'S "PROPORTIONATE SHARE"), AS TENANTS IN COMMON WITH THE OTHER OWNERS AND TENANTS THEREOF, SUBJECT TO ALL EASEMENTS APPURTENANT TO ANY APARTMENT OF THE PROJECT AND TO ALL ENCUMBRANCES, EXCEPTIONS AND RESERVATIONS NOTED BY SAID DECLARATION.

A LEASEHOLD ESTATE AS CREATED BY THAT CERTAIN LEASE DATED MAY 2, 1972, EXECUTED BY ALA WAI MANSION, INC., A HAWAII CORPORATION, AS LESSOR, AND LEROY PERCY BASS AND SHIRLEY JEAN BASS, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY, AS LESSEE, FOR A TERM FROM MAY 2, 1972 AND ENDING DECEMBER 31, 2050, RECORDED AS LAND COURT DOCUMENT NO. 580307 OF OFFICIAL RECORDS.

THE LESSEE'S INTEREST UNDER THE LEASE HAS BEEN ASSIGNED TO RUSSELL JACK GRISHAM, UNMARRIED, BY MESNE ASSIGNMENTS RECORDED OCTOBER 9, 2003 AS LAND COURT DOCUMENT NO. 3007815 OF OFFICIAL RECORDS.

ALL OF THAT CERTAIN PARCEL OF LAND SITUATE AT WAIKIKI, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, DESCRIBED AS FOLLOWS:

LOT 185-A, AREA 9,914 SQUARE FEET, MORE OR LESS, AS SHOWN ON MAP 63, FILED WITH LAND COURT APPLICATION NOS. 537 AND 550 OF JOHN FRANCIS BOWLER AND AUGUST AHRENS, LIMITED.

BEING A PORTION OF THE PROPERTY DESCRIBED IN AND COVERED BY TRANSFER CERTIFICATE OF TITLE NO. 125,594.

## EXHIBIT A

## EXHIBIT-07

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE COUNTY OF HONOLULU, STATE OF HAWAII, AND IS DESCRIBED AS FOLLOWS:

Apartment Lease

| | |
|---|---|
| Lessor: | Ala Wai Mansion, Inc., a Hawaii corporation |
| Lessee: | Leroy Percy Bass and Shirley Jean Bass, husband and wife, as Tenants by the Entirety |
| Dated: | May 2, 1972 |
| Recorded: | In the Office of the Assistant Registrar of the Land Court of the State of Hawaii, Document No. 580307. |
| Term: | commencing from the date hereof and ending on December 31, 2050 |

The foregoing Apartment Lease was assigned by the following through mesne:

Assignment of Apartment Lease

| | |
|---|---|
| Assignor: | Gregory Neil Stoddard and Janice Paula Churma, husband and wife |
| Assignee: | Russell Jack Grisham, unmarried, as Tenant in Severalty |
| Dated: | September 30, 2003 |
| Recorded: | October 9, 2003 In the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 3007815. |

Being all of the property described in and covered by Transfer Certificate of Title No. 125,594.

FIRST:

Apartment No. PH-A (hereinafter called the "Apartment") comprising a portion of "ALA WAI MANSION", a condominium project (hereinafter called the "Project") as described in and established by Declaration of Horizontal Property Regime dated December 15, 1969, filed in Office of the Assistant Registrar of the Land Court as Document No. 490922, as the same may have been amended from time to time (hereafter called the "Declaration") as shown on the plans of the Project filed in said Office as Condominium Map No. 92, as the same may have been amended from time to time (hereinafter called the "Condominium Map").

TOGETHER WITH the following appurtenant easements:

a) An exclusive easement to use parking space no. L-15 and storage cubicle A as shown on Condominium Map.

b) Nonexclusive easements in the common elements designed for such purposes for ingress to, egress from, utility services for, and support of said apartment, in the other common elements for use according to their respective purposes, subject always to the exclusive use of the limited common elements as provided in the Declaration, as amended, and in the other apartments and common elements of the project for support.

SECOND:

An undivided 5.68 percent interest in all common elements of the project as established for said Apartment by the Declaration or such other fractional or percentage interest as hereafter established for said Apartment by and amendment of the Declaration (hereafter referred to as Lessee's "proportionate share"), as tenants in common

EXHIBIT-67

with the other owners and tenants thereof, subject to all easements appurtenant to any apartment of the Project and to all encumbrances, exceptions and reservations noted by said Declaration.

The land(s) upon which said Condominium Project is located is described as follows:

All of that certain parcel of land situate at Waikiki, City and County of Honolulu, State of Hawaii, described as follows:

Lot 185-A, area 9,914 square feet, more or less, as shown on Map 63, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Applications No. 537 and 550 of John Francis Bowler and August Ahrens, Limited.

TMK: (1) 2-6-015-009-0033

EXHIBIT-07

SUBJECT, HOWEVER, TO THE FOLLOWING:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by Public Records.

2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6.  Property taxes

7.  Taxes

8.  Reservation in favor of the State of Hawaii of all mineral and metallic mines.

9.  Easement(s) for the purpose(s) shown below and rights incidental thereto as set forth in a document;

    In favor of:          City and County of Honolulu, a municipal corporation of the State of Hawaii
    Purpose:              easement for public utilities and incidental purposes
    Recorded:             in the Office of the Assistant Registrar of the Land Court of the State of
    Hawaii, as Document No. 464029, dated May 4, 1966.
    Affects:              Land herein described

10. Easement(s) 11, for utility and driveway purposes, as shown on Map(s) 56 and 53, as set forth by Land Court Order No. 29793, filed March 28, 1969.

11. Condominium Map No. 92, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii.

12. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as contained in the following:

    Declaration of Horizontal Property Regime of Ala Wai Mansion

EXHIBIT-07

Dated:                  December 15, 1969
Recorded:                    In the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 490922.

The foregoing Declaration was amended by the following:

Recorded:                 in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 551025, dated August 24, 1971.

Recorded:                 In the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 1979488, November 2, 1992.

Recorded:                 In the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 2075272, dated October 4, 1993.

13.    Terms, provisions and conditions as contained in the Apartment Lease and the effect of any failure to comply with such terms, provisions and conditions.

14.    Any and all easements encumbering the apartment herein mentioned, and/or the common interest appurtenant thereto, as created by or mentioned in said Declaration, as said Declaration may be amended from time to time in accordance with the laws and/or in the Apartment Lease and/or as delineated on said Condominium Map.

END OF EXHIBIT

# EXHIBIT B

# EXHIBIT-07





STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
November 4, 2013 8:02 AM
Doc No(s) T-8708265
on Cert(s) 125594
Issuance of Cert(s)

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR



1      1 / 1      FEH
B-32368785

**REGULAR SYSTEM**

AFTER RECORDATION, RETURN BY:  MAIL ( )  PICK-UP (x) 539-1100
PORTER MCGUIRE KIAKONA & CHOW, LLP (KFHK:plr)
841 Bishop Street, Suite 1500
Honolulu, Hawaii  96813

Total Pages: 6

## NOTICE OF LIEN

Lienor:          Association of Apartment Owners of Ala Wai Mansion

Debtor(s):     Russell Jack Grisham
                     2029 Ala Wai Blvd., PH-1
                     Honolulu, HI 96815

Property:       Ala Wai Mansion, Unit #PH-1
                     Land Court Document No.: 3007815
                     Tax Map Key No.: (1) 2-6-015-009 CPR No.: 0033
                     Transfer Certificate of Title No.: 125,594

## NOTICE OF LIEN

Pursuant to and in accordance with §514B-146 of the *Hawaii Revised Statutes ("HRS")*, Lienor, by its Board of Directors, hereby files its notice of lien for unpaid assessments against that certain property more particularly described in Exhibit "A" attached hereto and incorporated herein by reference, which property is subject to Chapter 514B, *HRS*, and is owned or reputedly owned by Debtor(s), by that certain instrument dated September 30, 2003 filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3007815, and affecting Transfer Certificate of Title No. 125,594.

The lien is claimed in the amount of EIGHTY THREE THOUSAND ONE HUNDRED AND EIGHTEEN DOLLARS AND EIGHTY SEVEN CENTS ($83,118.87) for unpaid amounts assessed by the Lienor as of October 31, 2013, and for all subsequent assessments, including

Ala Wai Mansion v. Russell Jack Grisham

**EXHIBIT-08**

all costs, expenses, and attorneys' fees, incurred by or on behalf of the Lienor for collecting any delinquent assessments against the Property.

This lien may be executed in counterparts, each of which shall be deemed an original, and those counterparts shall together constitute one and the same instrument, binding all parties, notwithstanding that all the parties are not signatories to the original or the same counterpart.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.**

DATED:  Honolulu, Hawaii, _____ NOV 0 1 2013 _____.

Association of Apartment Ownres of Ala Wai Mansion
By Porter McGuire Kiakona and Chow, LLP
Its Attorney-in-Fact

By: _____
Kapono F. H. Kiakona
Title: Partner

Ala Wai Mansion v. Russell Jack Grisham

2

**EXHIBIT-08**

STATE OF HAWAII                          )
                                         ) ss.
CITY AND COUNTY OF HONOLULU              )


On this _____1st_____ day of _November_, 2013, before me personally appeared Kapono F. H. Kiakona, to me known to be the person described and who executed the foregoing instrument, and acknowledged that Kapono F. H. Kiakona executed the same as his free act and deed in/or in such capacity(ies).

Printed Name: **DAWN DAIDO**
Notary Public, State of Hawaii
My Commission Expires: **JAN 3 0 2015**

---

Document Date: **NOV 0 1 2013**    # Pages _3_
Name: **DAWN DAIDO**                          1st Circuit
Document Description: _Notice of Lien_

Signature                          NOV 0 1 2013
                                   Date

NOTARY CERTIFICATION

(Stamp / Seal Here)

---

ires: _____


Ala Wai Mansion v. Russell Jack Grisham


**EXHIBIT-08**

EXHIBIT "A"

All that certain leasehold estate created by that certain APARTMENT LEASE dated May 2, 1972, executed by and between ALA WAI MANSION, INC., a Hawaii corporation, as "Lessor", and LEROY PERCY BASS and SHIRLEY JEAN BASS, husband and wife, as Tenants by the Entirety, as "Lessee", filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 580307, and duly noted on TRANSFER CERTIFICATE OF TITLE NO. 125,594, for a term from May 2, 1972 and ending December 31, 2050.

Said Apartment Lease, through mesne assignments, was assigned to GREGORY NEIL STODDARD and JANICE PAULA CHURMA, husband and wife, as Tenants by the Entirety, as "Assignee", by ASSIGNMENT OF APARTMENT LEASE dated August 26, 1998, filed as aforesaid as Document No. 2481537.

The real property demised by said Apartment Lease is more particularly described as follows:

FIRST: All of that certain real property situate at Waikiki, Honolulu, City and County of Honolulu, State of Hawaii, described as follows:

Apartment No. PH-A of that certain Condominium Project known as "ALA WAI MANSION", as shown on Condominium Map No. 92, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii on December 17, 1969.

Together With all non-exclusive easements appurtenant to said apartment in the common elements, the limited common elements, and in all other apartments in said Condominium Project, as provided in that certain Declaration of Horizontal Property Regime dated December 15, 1969, filed as aforesaid as Document No. 490922, as amended, and/or as delineated on Condominium Map No. 92, and/or as contained in that certain Apartment Lease herein referred to.

And, Together Also, With an exclusive easement to use Parking Stall L-15, and Storage Cubicle A, as shown on said Condominium Map.

SECOND: An undivided 5.68% interest in the land hereinafter described, and in all of the other common elements of said Condominium Project, as declared and established by said Declaration, as amended. The land upon which said Condominium Project is situate is described in said Declaration of Horizontal Property Regime, as amended, which description is specifically incorporated herein by reference.

1

**EXHIBIT-08**



Together With all non-exclusive easements appurtenant to the common elements, the limited common elements, and in all other apartments in said Condominium Project, as provided in said Declaration, as amended, and/or as delineated on said Condominium Map No. 92, as amended, and/or as contained in said Apartment Lease.

SUBJECT, as to FIRST and SECOND, to all exclusive and non-exclusive easements appurtenant to the common elements, the limited common elements, and to all other apartments in said Condominium Project.

SUBJECT, HOWEVER, to the following:

1.    Reservation in favor of the State of Hawaii of all mineral and metallic mines.

2.    Easements, reservations and covenants as contained in the DEED dated May 4, 1966, filed as aforesaid as Document No. 464029, to which reference is hereby made.

3.    Designation of Easement 11 for utility and driveway purposes, as shown on Maps 56 and 63, as set forth by Land Court Order No. 30614, filed September 17, 1969.

4.    The covenants, agreements, obligations, conditions, easements and other provisions as contained in DECLARATION OF HORIZONTAL PROPERTY REGIME OF "ALA WAI MANSION" dated December 15, 1969, filed as aforesaid as Document No. 490922, but omitting any covenants or restrictions if any, based upon race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Chapter 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

Condominium Map No. 92, as amended, and the By-Laws attached thereto, to which reference is hereby made.

Said Declaration of Horizontal Property Regime was amended by instruments dated and filed as aforesaid as follows:

| Date | Document No. |
|---|---|
| August 24, 1971 | 551025 |
| November 2, 1992 | 1979488 |

5.    The terms, provisions, covenants, easements and reservations as contained in said Apartment Lease.

TOGETHER ALSO, WITH, all built-in furniture, attached existing fixtures, built-in appliances, water heater, electrical

2

**EXHIBIT-08**

and/or gas and plumbing fixtures, attached carpeting, dishwasher, dryer, microwave, range, refrigerator, and washer, all of said personal property being situate in or used in connection with the above described real property; excepting, however, items of personal property, if any, demised by the above described Apartment Lease, which items are subject to said Apartment Lease.

TMK: (1) 2-6-15-9  CPR: 33

END OF EXHIBIT "A"

3

EXHIBIT-08





STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED

November 14, 2013 3:29 PM

Doc No(s) T-8718350

on Cert(s) 125594

Issuance of Cert(s)



1    1/1    FEH
B-32372358

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

| LAND COURT | REGULAR SYSTEM |
|---|---|

AFTER RECORDATION, RETURN BY:  MAIL ( )  PICK-UP (x) 539-1100
        PORTER MCGUIRE KIAKONA & CHOW, LLP (KFHK/RKS:plr)
        841 Bishop Street, Suite 1500
        Honolulu, Hawaii 96813               Total pages: 16

**TITLE OF DOCUMENT:**

**NOTICE OF DEFAULT AND INTENTION TO FORECLOSE & EXHIBITS "A" – "C"**
(Association of Apartment Owners of Ala Wai Mansion vs. Russell Jack Grisham)

**PARTIES TO DOCUMENT:**

Creditor:    Association of Apartment Owners of Ala Wai Mansion

Debtor(s):    Russell Jack Grisham

**PROPERTY DESCRIPTION:**

Street address:    2029 Ala Wai Blvd., PH-1 aka PH-A, Honolulu, Hawaii 96815

TAX MAP KEY NO.: (1) 2-6-015-009 CPR No. 0033

Transfer Certificate of Title No.: 125594

**EXHIBIT-09**

## NOTICE OF DEFAULT AND INTENTION TO FORECLOSE

**DATE OF NOTICE:**    November 14, 2013

**TO:**
Owner(s):    Mr. Russell Jack Grisham
2029 Ala Wai Blvd., PH-1
Honolulu, Hawaii 96815

The Association of Apartment Owners of Ala Wai Mansion (the "Association"), a Condominium Property Regime existing under the Provisions of Chapters 514A and 514B, *Hawaii Revised Statutes* ("HRS"), as amended (collectively "Chapter 514B"), whose address is c/o Hawaiiana Management Company, Ltd., 711 Kapiolani Blvd., suite 700, Honolulu, Hawaii 96813 in accordance with Chapter 514B, and the Association's Declaration and the By-Laws (collectively the "Project Documents"), and that certain Notice of Lien dated November 1, 2013, and recorded with the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. T-8708265, hereby gives Notice of Default and Intention to Foreclose ("Notice") against the fee simple real property located at 2029 Ala Wai Blvd., PH-1 aka PH-A, Honolulu, Hawaii 96815, of the Condominium Project known as "Ala Wai Mansion" (TMK No.(1) 2-6-015-009 CPR No. 0033), more particularly described in **Exhibit "A"** attached hereto and incorporated herein by reference (the "Property"), and affecting Transfer Certificate of Title No. 125594. This Notice is being provided pursuant to §667-92, *Hawaii Revised Statutes.*

The delinquent amount of assessments, other charges and attorneys' fees and costs unpaid to the Association up to and including November 14, 2013, is $83,694.78, and this constitutes a monetary default. The delinquent amount is based upon the following itemized charges:

| | |
|---|---|
| Maintenance Fees | $69,549.10 |
| NSF Check | $130.89 |
| Late Fees | $430.00 |
| Attorney Fees and Costs | $13,584.79 |
| Total Due As Of November 11, 2013 | $83,694.78 |

Pursuant to §667-92(a)(5) and (6), *Hawaii Revised Statutes,* in order to cure the default, payment of $88,421.66 must be made to the Association on or before January 13, 2014, which is 60-days from the date of this Notice ("**Deadline Date**"), said sum representing (a) the above delinquent amount of $83,694.78, and (b) Association assessments, other charges, and attorneys' fees and costs of $4,726.88 related to the

**EXHIBIT-09**

default and estimated to be incurred by the Association by the Deadline Date.

IF THE DEFAULT IS NOT CURED BY THE DEADLINE DATE STATED IN THIS NOTICE, THE ENTIRE UNPAID BALANCE OF MONEYS OWED TO THE ASSOCIATION WILL BE DUE AND THE ASSOCIATION INTENDS TO CONDUCT A POWER OF SALE FORECLOSURE TO SELL THE PROPERTY AT A PUBLIC SALE WITHOUT ANY COURT ACTION AND WITHOUT GOING TO COURT, AND THE ASSOCIATION OR ANY OTHER PERSON MAY ACQUIRE THE PROPERTY AT THE PUBLIC SALE.

IF THE DEFAULT IS NOT CURED BY DEADLINE DATE THE ASSOCIATION MAY PUBLISH THE PUBLIC NOTICE OF THE PUBLIC SALE IN A NEWSPAPER OF GENERAL CIRCULATION OR ON A STATE WEBSITE, PURSUANT TO §667-96(d), *HAWAII REVISED STATUTES*.

Payment to cure the default should be made payable to "Association of Apartment Owners of Ala Wai Mansion" and sent to this office as the law firm representing the Association.  The address is as follows:

Kapono F H. Kiakona
c/o Porter McGuire Kiakona & Chow, LLP
841 Bishop Street, Suite 1500
Honolulu, Hawaii  96813

If you have any questions, please contact Kapono F. H. Kiakona at (808) 539-1100 or email:  foreclosure@HawaiiLegal.com.

PLEASE NOTE THAT YOU HAVE THE RIGHT TO SUBMIT A PAYMENT PLAN WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS NOTICE; AND THE PAYMENT PLAN MUST BE SUBMITTED TO THE ASSOCIATION OR ITS ATTORNEY (AS NOTED ABOVE) BY CERTIFIED MAIL RETURN RECEIPT REQUESTED OR BY HAND DELIVERY, AND YOU HAVE THE RIGHT TO CURE THE DEFAULT WITHIN SIXTY DAYS BY PAYING THE FULL AMOUNT (AS NOTED ABOVE).

**\*\*Please also note that §667-92(b), *Hawaii Revised Statutes* requires the following notice:**

IF THE DEFAULT ON THE PAYMENT OF ASSESSMENTS CONTINUES AFTER THE DEADLINE DATED IN THIS NOTICE, THE UNIT MAY BE FORECLOSED AND SOLD WITHOUT ANY COURT ACTION AND WITHOUT GOING TO COURT.

YOU MAY HAVE CERTAIN LEGAL RIGHTS AND DEFENSES.  FOR

**EXHIBIT-09**

ADVICE, YOU SHOULD CONSULT WITH AN ATTORNEY LICENSED IN THIS STATE.

ALL FUTURE NOTICES AND CORRESPONDENCE WILL BE MAILED TO YOU AT THE ADDRESS AT WHICH YOU RECEIVED THIS NOTICE UNLESS YOU SEND WRITTEN INSTRUCTIONS TO THIS OFFICE INFORMING THIS OFFICE OF A DIFFERENT ADDRESS. THE WRITTEN INSTRUCTIONS MUST BE SENT TO THIS OFFICE BY CERTIFIED MAIL, REGISTERED MAIL, OR EXPRESS MAIL, POSTAGE PREPAID AND RETURN RECEIPT REQUESTED."

NOTICE IS ALSO HEREBY PROVIDED OF THE RIGHT OF OWNER-OCCUPANT(S) TO ELECT TO PARTICIPATE IN ANY OTHER PROCESS AS ESTABLISHED BY LAW.

Pursuant to §667-92(d), *Hawaii Revised Statutes* attached hereto as **Exhibits "B" and "C"** are contact information for locally approved housing counselors and approved budget and credit counselors (as defined in HRS §667-1), respectively.

***THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.***

DATED: Honolulu, Hawaii, _____NOV 1 4 2013_____.

Association of Apartment Owners of Ala Wai Mansion
By Porter McGuire Kiakona & Chow, LLP
Its Attorney-In-Fact

By _____
Kapono F. H. Kiakona
Title: Partner

**EXHIBIT-09**

Association of Apartment Ownres of Ala
Wai Mansion
  By Porter McGuire Kiakona & Chow,
  LLP
  Its Attorney-in-Fact

By: _____

  Kapono F. H. Kiakona
  Title: Partner

STATE OF HAWAII          )
                             ) ss.
CITY AND COUNTY OF HONOLULU   )

     On this _14th_ day of _NOVEMBER_, 2013, before me personally appeared
Kapono F. H. Kiakona, to me known to be the person described and who executed the
foregoing instrument, and acknowledged that Kapono F. H. Kiakona executed the same
as his free act and deed and in/or in such capacity(ies).

Printed Name: _____**RAMSEY J. SIOBAL**_____

Notary Public, State of Hawaii

My Commission Expires: _____**SEP 0 9 2017**_____

---

| | |
|---|---|
| Document Date: ~~NOV 1 4 2013~~ | # Pages ____ |
| Name: **RAMSEY J. SIOBAL** | 1st Circuit |
| Document Description: _NOTICE OF DEFAULT_ | |
| _AND INTENTION TO FORECLOSE &_ | |
| _EXHIBITS A-C_ | |
| | NOV 1 4 2013 |
| Signature | Date |

NOTARY CERTIFICATION

(Stamp / Seal Here)

**EXHIBIT-09**

TMK: (1) 2-6-015-009

## EXHIBIT "A"

APARTMENT LEASE

LESSOR      :  ALA WAI MANSION, INC., a Hawaii corporation

LESSEE      :  LEROY PERCY BASS and SHIRLEY JEAN BASS, husband and
               wife, as Tenants by the Entirety

DATED       :  May 2, 1972
FILED       :  Land Court Document No. 580307
TERM        :  Beginning May 2, 1972 and ending December 31, 2050


THE LESSEE'S INTEREST BY MESNE ASSIGNMENTS ASSIGNED

ASSIGNOR    :  GREGORY NEIL STODDARD and JANICE PAULA CHURMA,
               husband and wife

ASSIGNEE    :  RUSSELL JACK GRISHAM, unmarried, as Tenant in
               Severalty

DATED       :  September 30, 2003
FILED       :  Land Court Document No. 3007815


Said Leasehold estate and interest in and to the following:


-FIRST:-

Apartment No.  PH-A   located on the   penthouse floor of the
Condominium Project known as "ALA WAI MANSION", as established by
Declaration of Horizontal Property Regime dated December 15,
1969, filed in said Office of the Assistant Registrar of the Land
Court as Land Court Document No. 490922, and as shown on
Condominium Map 92 and any amendments thereto.

Together with appurtenant easements as follows:


**EXHIBIT-09**

EXHIBIT A CONTINUED

(A)   An exclusive easement to use the Parking Space(s), if any, as shown in said Declaration, as amended.

(B)   Non-exclusive easements in the common elements designed for such purposes, for ingress to, egress from, utility services for, and support, maintenance, and repair of said Apartment; in the other common elements for use according to their respective purposes; and in all other apartments and common elements of the Project for support.

-SECOND:-

An undivided   5.68%   interest, as tenants in common with the other holders from time to time of other undivided interests, in and to the common elements, including said Project and the land described herein.

The land upon which said Condominium Project "ALA WAI MANSION" is located is described as follows:

All of that certain parcel of land situate at Waikiki, Honolulu, City and County of Honolulu, State of Hawaii, described as follows:

LOT 185-A, area 9,914 square feet, more or less, as shown on Map 63, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application Nos. 537 and 550 of John Francis Bowler and August Ahrens, Limited;

Being the land(s) described in Transfer Certificate of Title No. 125,594 issued to Ala Wai Mansion, Inc., a Hawaii corporation.

SUBJECT HOWEVER, to the following:

1.   Mineral and water rights of any nature in favor of the State of Hawaii.

**EXHIBIT-09**

EXHIBIT A CONTINUED

2.  The terms and provisions contained in the following:

    INSTRUMENT :  DEED

    DATED      :  May 4, 1966
    FILED      :  Land Court Document No. 464029

3.  Designation of Easement "11" for utility and driveway purposes,
    as set forth by Land Court Order No. 29793, filed March 28, 1969.

4.  The terms and provisions contained in the following:

    INSTRUMENT :  DECLARATION OF HORIZONTAL PROPERTY REGIME FOR THE
                  "ALA WAI MANSION" CONDOMINIUM PROJECT AND BY-LAWS

    DATED      :  December 15, 1969
    FILED      :  Land Court Document No. 490922
    MAP        :  92 and any amendments thereto

    Said Declaration was amended by instruments dated August 24, 1971,
     filed as Land Court Document No. 551025, dated November 2, 1992,
     filed as Land Court Document No. 1979488, dated October 4, 1993,
     filed as Land Court Document No. 2075272, dated March 23, 2011,
     filed as Land Court Document No. 4060393, and dated March 23,
     2011, filed as Land Court Document No. 4060394.

5.  The terms and provisions contained in Apartment Lease, referred
    to in Exhibit A.

6.  MORTGAGE

    LOAN/ACCOUNT NO. 1007028236

    MORTGAGOR  :  RUSSELL JACK GRISHAM, unmarried

**EXHIBIT-09**

EXHIBIT A CONTINUED


MORTGAGEE  :  HOME123 CORPORATION, a California corporation

DATED    :  March 27, 2006
FILED    :  Land Court Document No. 3411908
AMOUNT   :  $680,000.00


ABOVE MORTGAGE ASSIGNED

TO       :  WELLS FARGO BANK N.A., as Trustee, for Carrington
            Mortgage Loan Trust, Series 2006-NC2 Asset-Backed
            Pass-Through Certificates

DATED    :  December 8, 2009
FILED    :  Land Court Document No. 3924425


7.  HOME EQUITY LINE OF CREDIT MORTGAGE

    LOAN/ACCOUNT NO. 650-650-1815943-1

    MORTGAGOR  :  RUSSELL JACK GRISHAM, unmarried

    MORTGAGEE  :  WELLS FARGO BANK, N.A., a national association
                  organized and existing under the laws of the United
                  States of America

    DATED    :  May 19, 2006
    FILED    :  Land Court Document No. 3526148
    AMOUNT   :  Line of Credit in the amount of $85,000.00


8.  NOTICE OF LIEN FOR UNPAID ASSESSMENTS

    IN FAVOR OF:  ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION

    DATED    :  January 16, 2009
    FILED    :  Land Court Document No. 3828697
    AMOUNT   :  $15,462.91


**EXHIBIT-09**

EXHIBIT A CONTINUED

12.  NOTICE OF PENDENCY OF ACTION

    PLAINTIFF  :  WELLS FARGO BANK N.A., as Trustee, for Carrington
                    Mortgage Loan Trust, Series 2006-NC2 Asset-Backed
                    Pass-Through Certificates

    DEFENDANT  :  RUSSELL JACK GRISHAM; et. al.

    DATED     :  May 13, 2011
    FILED     :  Circuit Court of the First Circuit, State of
                    Hawaii, Case No. 11-1-0974-05, on May 13, 2011
    FILED     :  Land Court Document No. 4073451 on May 17, 2011
    RE        :  Foreclosure of Mortgage dated March 27, 2006, filed
                    as Land Court Document No. 3411908.

13.  SECURITY AGREEMENT dated April 5, 2013, filed as Land Court
Document No. T-8498292.

14.  MEMORANDUM AND NOTICE OF LEASE dated April 5, 2013, filed as Land
Court Document No. T-8498293.

**EXHIBIT-09**

This listing is current as of **07/10/2013**.

# Agencies located in HAWAII

| | |
|---|---|
| **Agency Name:** | LEGAL AID SOCIETY OF HAWAII |
| **Phone:** | 800-499-4302 |
| **Toll Free:** | 800-499-4302 |
| **Fax:** | 808-969-3983 |
| **Email:** | |
| **Address:** | 305 Wailuku Dr |
| | HILO, Hawaii 96720-2488 |
| **Counseling Services:** | - Fair Housing Pre-Purchase Education Workshops |
| | - Financial Management/Budget Counseling |
| | - Home Improvement and Rehabilitation Counseling |
| | - Mortgage Delinquency and Default Resolution Counseling |
| | - Non-Delinquency Post Purchase Workshops |
| | - Pre-purchase Counseling |
| | - Pre-purchase Homebuyer Education Workshops |
| | - Predatory Lending Education Workshops |
| | - Rental Housing Counseling |
| | - Services for Homeless Counseling |
| **Languages:** | - English |
| **Affiliation:** | LEGAL AID SOCIETY OF HAWAII |
| **Website:** | n/a |

| | |
|---|---|
| **Agency Name:** | CATHOLIC CHARITIES HAWAII |
| **Phone:** | 808-527-4673 |
| **Toll Free:** | |
| **Fax:** | 808-527-4709 |
| **Email:** | info@catholiccharitieshawaii.org |
| **Address:** | 1822 Ke'eaumoku St. |
| | HONOLULU, Hawaii 96822-3001 |
| **Counseling Services:** | - Rental Housing Counseling |
| | - Services for Homeless Counseling |
| **Languages:** | - English |
| **Affiliation:** | |
| **Website:** | http://www.catholiccharitieshawaii.org |

| | |
|---|---|
| **Agency Name:** | COUNCIL FOR NATIVE HAWAIIAN ADVANCEMENT |
| **Phone:** | 808-596-8155 |
| **Toll Free:** | 800-709-2642 |
| **Fax:** | 808-596-8156 |
| **Email:** | info@hawaiiancouncil.org |
| **Address:** | 1050 Queen Street Suite 200 |
| | HONOLULU, Hawaii 96814-4130 |
| **Counseling Services:** | - Financial Management/Budget Counseling |
| | - Home Improvement and Rehabilitation Counseling |
| **Languages:** | - English |
| | - Other |
| **Affiliation:** | NATIONAL CAPACD |
| **Website:** | www.hawaiiancouncil.org |

| | |
|---|---|
| **Agency Name:** | HAWAII HOMEOWNERSHIP CENTER |
| **Phone:** | 808-523-9500 |
| **Toll Free:** | 877-523-9503 |
| **Fax:** | 808-523-9502 |
| **Email:** | info@hihomeownership.org |
| **Address:** | 1259 Aala Street Suite 201 |
| | HONOLULU, Hawaii 96817-3962 |
| **Counseling Services:** | - Financial Management/Budget Counseling |
| | - Home Improvement and Rehabilitation Counseling |
| | - Mortgage Delinquency and Default Resolution Counseling |
| | - Non-Delinquency Post Purchase Workshops |
| | - Pre-purchase Counseling |
| | - Pre-purchase Homebuyer Education Workshops |
| **Languages:** | - English |
| **Affiliation:** | NEIGHBORHOOD REINVESTMENT CORPORATION |
| **Website:** | http://www.hihomeownership.org |

| | |
|---|---|
| **Agency Name:** | HAWAIIAN COMMUNITY ASSETS, INC |
| **Phone:** | 808-587-7886 |
| **Toll Free:** | 866-400-1116 |

**EXHIBIT "B"**

**Fax:** 808-587-7899
**Email:** info@hawaiiancommunity.net
**Address:** 200 N. Vineyard Blvd, Suite A300
HONOLULU, Hawaii 96817-3950
**Counseling Services:** - Financial Management/Budget Counseling
- Mortgage Delinquency and Default Resolution Counseling
- Pre-purchase Counseling
- Pre-purchase Homebuyer Education Workshops
**Languages:** - English
- Other
- Portuguese
- Spanish
**Affiliation:** RURAL COMMUNITY ASSISTANCE CORPORATION
**Website:** http://www.hawaiiancommunity.net/

---

**Agency Name:** IHS, THE INSTITUTE FOR HUMAN SERVICES, INC.
**Phone:** 808-447-2900
**Toll Free:**
**Fax:** 808-537-2697
**Email:** MindaG@ihs-hawaii.org
**Address:** 350 Sumner Street
HONOLULU, Hawaii 96817-5088
**Counseling Services:** - Fair Housing Pre-Purchase Education Workshops
- Rental Housing Counseling
- Services for Homeless Counseling
**Languages:** - English
**Affiliation:** INSTITUTE FOR HUMAN SERVICES, INC. (IHS)
**Website:** www.ihs-hawaii.org

---

**Agency Name:** INSTITUTE FOR HUMAN SERVICES, INC. (IHS)
**Phone:** 808-447-2900
**Toll Free:**
**Fax:** 808-537-2697
**Email:** MindaG@ihs-hawaii.org
**Address:** 546 Ka'aahi Street
HONOLULU, Hawaii 96817-4630
**Counseling Services:** - Fair Housing Pre-Purchase Education Workshops
- Rental Housing Counseling
- Services for Homeless Counseling
**Languages:** - English
**Affiliation:**
**Website:** http://www.ihs-hawaii.org

---

**Agency Name:** LEGAL AID SOCIETY OF HAWAII
**Phone:** 808-536-4302
**Toll Free:** 800-499-4302
**Fax:** 808-527-8088
**Email:**
**Address:** 924 Bethel Street
HONOLULU, Hawaii 96813-4304
**Counseling Services:** - Mortgage Delinquency and Default Resolution Counseling
- Pre-purchase Counseling
- Rental Housing Counseling
**Languages:** - English
**Affiliation:**
**Website:** http://www.legalaidhawaii.org

---

**Agency Name:** SELF-HELP HOUSING CORPORATION OF HAWAII
**Phone:** 808-842-7111
**Toll Free:**
**Fax:** 808-842-7896
**Email:** selfhelphawaii@gmail.com
**Address:** 1427 Dillingham Blvd Suite 305
Suite 305
HONOLULU, Hawaii 96817-4875
**Counseling Services:** - Financial Management/Budget Counseling
- Mortgage Delinquency and Default Resolution Counseling
- Non-Delinquency Post Purchase Workshops
- Pre-purchase Counseling
- Pre-purchase Homebuyer Education Workshops
- Rental Housing Counseling
**Languages:** - English
- Other
**Affiliation:** MON VALLEY INITIATIVE
**Website:** http://n/a

# EXHIBIT "B"

# EXHIBIT-09

**Agency Name:** HALE MAHAOLU HOMEOWNERSHIP/HOUSING COUNSELING
**Phone:** 808-242-4377
**Toll Free:**
**Fax:**
**Email:** N/A
**Address:** 200 Hina Ave
Kahului, Hawaii 96732-1821
**Counseling Services:** - Fair Housing Pre-Purchase Education Workshops
- Financial Management/Budget Counseling
- Mortgage Delinquency and Default Resolution Counseling
- Non-Delinquency Post Purchase Workshops
- Pre-purchase Counseling
- Pre-purchase Homebuyer Education Workshops
- Predatory Lending Education Workshops
- Rental Housing Counseling
**Languages:** - English
**Affiliation:**
**Website:** http://www.halemahaolu.org

---

**Agency Name:** LEGAL AID SOCIETY OF HAWAII
**Phone:** 800-499-4302
**Toll Free:** 800-499-4302
**Fax:** 808-239-3968
**Email:**
**Address:** 47-200 Waihee Rd Ste 104
KANEOHE, Hawaii 96744-4947
**Counseling Services:** - Fair Housing Pre-Purchase Education Workshops
- Financial Management/Budget Counseling
- Home Improvement and Rehabilitation Counseling
- Mortgage Delinquency and Default Resolution Counseling
- Non-Delinquency Post Purchase Workshops
- Pre-purchase Counseling
- Pre-purchase Homebuyer Education Workshops
- Predatory Lending Education Workshops
- Rental Housing Counseling
- Services for Homeless Counseling
**Languages:** - English
**Affiliation:** LEGAL AID SOCIETY OF HAWAII
**Website:** n/a

---

**Agency Name:** LEGAL AID SOCIETY OF HAWAII
**Phone:** 800-499-4302
**Toll Free:** 800-499-4302
**Fax:** 808-553-5809
**Email:**
**Address:** 1923 Aia Malama St
Kaunakakai, Hawaii 96748
**Counseling Services:** - Fair Housing Pre-Purchase Education Workshops
- Financial Management/Budget Counseling
- Home Improvement and Rehabilitation Counseling
- Mortgage Delinquency and Default Resolution Counseling
- Non-Delinquency Post Purchase Workshops
- Pre-purchase Counseling
- Pre-purchase Homebuyer Education Workshops
- Predatory Lending Education Workshops
- Rental Housing Counseling
- Services for Homeless Counseling
**Languages:** - English
**Affiliation:** LEGAL AID SOCIETY OF HAWAII
**Website:** n/a

---

**Agency Name:** LEGAL AID SOCIETY OF HAWAII
**Phone:** 800-499-4302
**Toll Free:** 800-499-4302
**Fax:** 808-246-8824
**Email:**
**Address:** 4334 Rice St Suite 204A
LIHUE, Hawaii 96766-1801
**Counseling Services:** - Fair Housing Pre-Purchase Education Workshops
- Financial Management/Budget Counseling
- Home Improvement and Rehabilitation Counseling
- Mortgage Delinquency and Default Resolution Counseling
- Non-Delinquency Post Purchase Workshops
- Pre-purchase Counseling
- Pre-purchase Homebuyer Education Workshops

**EXHIBIT "B"**

**EXHIBIT-09**

- Predatory Lending Education Workshops
- Rental Housing Counseling
- Services for Homeless Counseling

**Languages:** - English
**Affiliation:** LEGAL AID SOCIETY OF HAWAII
**Website:** n/a

---

**Agency Name:** LEGAL AID SOCIETY OF HAWAII
**Phone:** 800-499-4302
**Toll Free:** 800-499-4302
**Fax:** 808-696-5809
**Email:**
**Address:** 85-670 Farrington Hwy Ste A
WAIANAE, Hawaii 96792-2407
**Counseling Services:** - Fair Housing Pre-Purchase Education Workshops
- Financial Management/Budget Counseling
- Home Improvement and Rehabilitation Counseling
- Mortgage Delinquency and Default Resolution Counseling
- Non-Delinquency Post Purchase Workshops
- Pre-purchase Counseling
- Pre-purchase Homebuyer Education Workshops
- Predatory Lending Education Workshops
- Rental Housing Counseling
- Services for Homeless Counseling
**Languages:** - English
**Affiliation:** LEGAL AID SOCIETY OF HAWAII
**Website:** n/a

---

**Agency Name:** LEGAL AID SOCIETY OF HAWAII
**Phone:** 800-499-4302
**Toll Free:** 800-499-4302
**Fax:** 808-244-5856
**Email:**
**Address:** 2287 Main St
WAILUKU, Hawaii 96793-1655
**Counseling Services:** - Fair Housing Pre-Purchase Education Workshops
- Home Improvement and Rehabilitation Counseling
- Mortgage Delinquency and Default Resolution Counseling
- Non-Delinquency Post Purchase Workshops
- Pre-purchase Counseling
- Pre-purchase Homebuyer Education Workshops
- Predatory Lending Education Workshops
- Rental Housing Counseling
- Services for Homeless Counseling
**Languages:** - English
**Affiliation:** LEGAL AID SOCIETY OF HAWAII
**Website:** n/a

---

# EXHIBIT "B"

# EXHIBIT-09

Contact Us | CCCS of Hawaii



## Our Mission

Close

## Contact Us

### Oahu

1164 Bishop St. Suite 1614
Honolulu, HI 96817
**Office Hours:** Mon - Fri 8:30am - 5:00pm
**Email:** info@cccsofhawaii.org
**Phone:** (808) 532-3225
**Toll-Free:** 1 (800) 801-5999
**Fax:** (808) 532-5611
♥ Map

### Maui, Kauai, Molokai & Lanai

J. Walter Cameron Center
95 Mahalani St., Suite 6
Wailuku, HI 96793
**Email:** info@cccsofhawaii.org
**Phone:** (808) 242-8399
**Fax:** 808) 532-5611
♥ Map

### Big Island

632 Kinoole Street
Hilo, HI 96720
**Email:** info@cccsofhawaii.org
**Phone:** (808) 969-7136
**Fax:** (808) 532-5611
♥ Map

## Knowledge Center

- Hawaii Community Stabilization Initiative (HCSI)
- Hawaii Foreclosure Information Center
- Consumer Financial Protection Bureau
- Independent Foreclosure Review
- Executive Committee of the State Attorneys General

## Categories

- Alerts (6)
- News (5)
- Tips (5)
- Video (3)



**EXHIBIT-09**



STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
November 18, 2013 3:29 PM
Doc No(s) T-8722280
on Cert(s) 125594

Issuance of Cert(s)

/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR



1    1 / 1    FEH
B-32374111

| LAND COURT | REGULAR SYSTEM |
|---|---|

After Recordation, Return by ☒ Mail ☐ Pickup to:
Robert-Garvin: Moore
P.O. Box 75217
Honolulu 96836, HAWAII

This document contains three (3) pages

Document Title:

# GRANT DEED

Document Parties:

GRANTOR:    **Russell Jack Grisham, as an unmarried man**

GRANTEE:    **Russell Jack Grisham, as an unmarried man, and Robert-Garvin: Moore,** ~~as a married man,~~ **holding title as his separate property, as the Tenants-in-Severalty with an undivided equal interest**

Tax Map Key: **(1) 2-6-15-9-33**

For the good and valuable consideration and the sum of the Twenty-five-Dollars ($25.00), which the parties hereby acknowledge, the GRANTOR: Russell Jack Grisham, as an unmarried man, grants and conveys to the GRANTEE: Russell Jack Grisham, as an unmarried man, and Robert-Garvin: Moore, ~~as a married man~~, holding title as his separate property, as the Tenants-in-Severalty, the equal ownership interest of the real property in the City of Honolulu, County of Honolulu, State of Hawaii, commonly known as the 2029 Ala Wai Boulevard, Apartment PH-A, Honolulu, Hawaii and legally described as the attached Exhibit A.

GRANTOR:    _Russell Jack_    DATE: _Nov. 18, 2013_
            Russell Jack Grisham

**EXHIBIT-10**

# ACKNOWLEDGEMENT

STATE OF HAWAII )
) S.S.
CITY AND COUNTY OF HONOLULU )


On the _____ NOV 1 8 2013 _____ before me personally appeared **Russell Jack Grisham**, to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or she) (or they) executed the same as his (or her) (or their) free act and deed.


_____
Notary Public, State of Hawaii

My Commission expires: ___ NOV 1 2 2014 ___


Doc. Date: _Undated_ Pages 3
Notary Name: Antoinette Desiderio First Circuit
Doc. Description: _Grant Deed_
_____
Notary Signature            Date
NOV 1 8 2013

**EXHIBIT-10**

# EXHIBIT A

ALL THE PREMISES COMPRISING A PORTION OF THE "ALA WAI MANSION," A CONDOMINIUM PROJECT (HEREINAFTER CALLED THE "PROJECT") AS DESCRIBED IN AND ESTABLISHED BY DECLARATION OF HORIZONTAL PROPERTY REGIME RECORDED AS LAND COURT DOCUMENT NO. 490922, AS AMENDED, OF OFFICIAL RECORDS (HEREINAFTER CALLED THE "DECLARATION"), SAID PREMISES BEING MORE DESCRIBED AS FOLLOWS:

FIRST: APARTMENT NO. PH-A, AS SHOWN ON THE PLANS THEREOF FILED AS CONDOMINIUM MAP NO. 92 (HEREINAFTER CALLED THE CONDOMINIUM MAP) TOGETHER WITH THE FOLLOWING APPURTENANT EASEMENTS:

A) AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. L-15 AND STORAGE CUBICLE A AS SHOWN ON CONDOMINIUM MAP.

B) NONEXCLUSIVE EASEMENTS IN THE COMMON-ELEMENTS DESIGNED FOR SUCH PURPOSES FOR INGRESS TO, EGRESS FROM, UTILITY SERVICES FOR, AND SUPPORT OF SAID APARTMENT, IN THE OTHER COMMON ELEMENTS FOR USE ACCORDING TO THEIR RESPECTIVE PURPOSES, SUBJECT ALWAYS TO THE EXCLUSIVE USE OF THE LIMITED COMMON ELEMENTS AS PROVIDED IN THE DECLARATION, AS AMENDED, AND IN THE OTHER APARTMENTS AND COMMON ELEMENTS OF THE PROJECT FOR SUPPORT.

SECOND: AN UNDIVIDED 5.68 PERCENT INTEREST IN ALL COMMON ELEMENTS OF THE PROJECT AS ESTABLISHED FOR SAID APARTMENT BY THE DECLARATION OR SUCH OTHER FRACTIONAL OR PERCENTAGE INTEREST AS HEREAFTER ESTABLISHED FOR SAID APARTMENT BY AN AMENDMENT OF THE DECLARATION (HEREAFTER REFERRED TO AS LESSEE'S "PROPORTIONATE SHARE"), AS TENANTS IN COMMON WITH THE OTHER OWNERS AND TENANTS THEREOF, SUBJECT TO ALL EASEMENTS APPURTENANT TO ANY APARTMENT OF THE PROJECT AND TO ALL ENCUMBRANCES, EXCEPTIONS AND RESERVATIONS NOTED BY SAID DECLARATION.

A LEASEHOLD ESTATE AS CREATED BY THAT CERTAIN LEASE DATED MAY 2, 1972, EXECUTED BY ALA WAI MANSION, INC., A HAWAII CORPORATION, AS LESSOR, AND LEROY PERCY BASS AND SHIRLEY JEAN BASS, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY, AS LESSEE, FOR A TERM FROM MAY 2, 1972 AND ENDING DECEMBER 31, 2050, RECORDED AS LAND COURT DOCUMENT NO. 580307 OF OFFICIAL RECORDS.

THE LESSEE'S INTEREST UNDER THE LEASE HAS BEEN ASSIGNED TO RUSSELL JACK GRISHAM, UNMARRIED, BY MESNE ASSIGNMENTS RECORDED OCTOBER 9, 2003 AS LAND COURT DOCUMENT NO. 3007815 OF OFFICIAL RECORDS.

ALL OF THAT CERTAIN PARCEL OF LAND SITUATE AT WAIKIKI, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, DESCRIBED AS FOLLOWS:

LOT 185-A, AREA 9,914  SQUARE FEET, MORE OR LESS, AS SHOWN ON MAP 63, FILED WITH LAND COURT APPLICATION NOS. 537 AND 550 OF JOHN FRANCIS BOWLER AND AUGUST AHRENS, LIMITED.

BEING A PORTION OF THE PROPERTY DESCRIBED IN AND COVERED BY TRANSFER CERTIFICATE OF TITLE NO. 125,594.

--- END ---

**EXHIBIT-10**

# Check Images

Account: REGULAR CHECKING ******2370 | Check Number: 274 | Date Posted: 12/31/2013 | Amount: $2,000.00

Zoom In 🔍 Zoom Out 🔍 Print 🖨

---

**TERESA J MOORE**
343 HOBRON LN 4404
HONOLULU, HI 96815

274
59-101/1213

*18 Dec 2013*  date

Pay to the
Order of *Association of Apartment Owners Mauii*  $ *2000.00*

*two thousand dollars* A/R Received  dollars

**First Hawaiian Bank**
EATON SQUARE BRANCH
438 HOBRON LANE
HONOLULU, HAWAII 96815

DEC 23 2013

for *PH-1 Dec 18 - Jan 18 rent*   *Teresa J Moore*  MP

⑆121301015⑆0274 57⑈262370⑈

Harland Clarke

CPB  20131230  0074  00538  001        30157

For deposit in
Central Pacific Bank 121301578
to the credit of:
Hawaiiana Management Co., Ltd.
Agent for Payee

Central Pacific Bank >>121301578<<
Posting Date: 20131230
Branch: 0074  Batch: 0538  Item: 0118

---

Copyright ©2013 First Hawaiian Bank/ Equal Housing Lender. All Rights Reserved.

**EXHIBIT-11**

# Check Images

Account: REGULAR CHECKING ******2370 | Check Number: 278 | Date Posted: 1/27/2014 | Amount: $2,000.00

Zoom In 🔍  Zoom Out 🔍  Print 🖨

TERESA J MOORE
343 HOBRON LN 4404
HONOLULU, HI 96815

**A/R Received**
**JAN 23 2014**

278
59-101/1213

18 Jan 2014
date

Pay to the
Order of  Association of Apartment Owers Ala Wai Mews  $ 2,000.00

two thousand dollars ————————— dollars

**First Hawaiian Bank**
EATON SQUARE BRANCH
438 HOBRON LANE
HONOLULU, HAWAII 96815

for PH 2 Gridiron Rent          Teresa J. Moore

⑆121301015⑆0278  57⑆262370⑈

Central Pacific Bank  >>121301578<<
Posting Date: 20140124
Branch: 0074 Batch: 0329 Item: 0106

For deposit in
Central Pacific Bank 121301578
To the credit of
Hawaiiana Management Co., Ltd.
Agent for Payee

Copyright ©2013 First Hawaiian Bank/☖ Equal Housing Lender. All Rights Reserved.

**EXHIBIT-12**

# PORTER McGUIRE KIAKONA & CHOW, LLP

## Attorneys at Law

841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813
PHONE: 808.539.1100
FAX: 808.539.1189

2145 WELLS STREET, SUITE 204
WAILUKU, MAUI, HAWAII 96793-2225
PHONE: 808.242-4555
FAX: 808.244-6964

**CERTIFIED MAIL, RETURN RECEIPT
REQUESTED and REGULAR MAIL**

TO:  Russell Jack Grisham
2029 Ala Wai Blvd., PH-1 aka PH-A
Honolulu, HI 96815

DATE:  February 6, 2014

RE:  AOAO Ala Wai Mansion/Grisham, 2029 Ala
Wai Blvd., PH-1 aka PH-A, Honolulu, HI
96815

The Following Is Transmitted Herewith:

| Quantity | Description |
|---|---|
| 1 Copy | Notice of Association's Non-Judicial Foreclosure Under Power of Sale |

| | | |
|---|---|---|
| (X) For Your Information | ( ) For Necessary Action | ( ) For Signature & Return |
| ( ) For Review & Comment | ( ) Per Your Request | ( ) For Signature & |
| ( ) For Correction | ( ) Per Our Conversation | Forwarding |
| ( ) For Distribution | ( ) Approved | ( ) For Signature & |
| ( ) For Recordation | ( ) Disapproved | Necessary Action |
| ( ) For Payment | (X) See Remarks Below | ( ) For Your Files |

***THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN
CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.***

By *Meredith Ross*

Meredith Ross, Paralegal to
Kapono F.H. Kiakona, Esq.
Randall K. Sing, Esq.

**EXHIBIT-13**

## NOTICE OF ASSOCIATION'S NON-JUDICIAL FORECLOSURE
## UNDER POWER OF SALE

Foreclosing Party: Association of Apartment Owners of Ala Wai Mansion ("Association"), as Lienholder, under and pursuant to Sections 514B-146 and 667-91 through 667-104, HRS, as amended.

Property information: 2029 Ala Wai Blvd., PH-1 aka PH-A, Honolulu, Hawaii 96815 (TMK No. (1) 2-6-015-009 CPR No. 0033) as described in exhibit "A" attached hereto.

Owner information: Russell Jack Grisham

Other Creditors: Wells Fargo Bank, N.A., State of Hawaii, Director of Finance and Discover Bank

**Public auction: 4/15/2014, at 12:00 noon on at the State Capitol Building, 415 South Beretania Street, Honolulu, Hawaii 96813 (at the Rotunda Area on the steps leading down to the Queen Liliuokalani Statue**

Open Houses: N/A

Delinquency: $93,682.71. Opening Bid: $1

**Terms of the sale are:** (1) no upset price; (2) property sold strictly "AS IS" and "WHERE IS"; (3) property sold without warranty of title or any other warranty, property has encumbrances as described in Exhibit "A"; (4) Purchaser must pay 10% of the highest successful bid price in cash, certified or cashier's check at close of auction and prior to bidding must show proof of ability to make such payment; (5) property is to be conveyed by Association's quitclaim conveyance and upon performance by Purchaser, no later than 21 days after payment of all costs related to the sale, (6) Purchaser is responsible for all title insurance, however, availability of title or other insurance shall not be a condition of closing; (7) Purchaser is responsible for obtaining possession after closing; (8) any delay in performance by Purchaser which prevents the closing from occurring within 30 days after the auction shall cause Association to sustain damages in amounts which will be difficult to ascertain. In the event the sale does not close because of any delay in performance by Purchaser as herein stated, the 10% down payment may be retained by Association as liquidated damages and not as a penalty; (9) Association's sole liability shall be the return of the bid funds tendered by Purchaser. Purchaser shall have no further recourse against Association, or its officers, members, directors, agents, attorneys, servicers and auctioneers; and (10) the sale may be postponed from time to time by public announcement made by Association or someone acting on its behalf.

"THE DEFAULT MAY BE CURED NO LATER THAN THREE BUSINESS DAYS BEFORE THE DATE OF THE PUBLIC SALE OF THE PROPERTY BY PAYING THE ENTIRE AMOUNT WHICH WOULD BE OWED TO THE ASSOCIATION UP TO THE DATE OF PAYMENT, PLUS THE ATTORNEY'S FEES AND COSTS, AND ALL OTHER FEES AND COSTS INCURRED BY THE ASSOCIATION RELATED TO THE DEFAULT, UNLESS OTHERWISE AGREED TO BETWEEN THE ASSOCIATION AND THE OWNER[S]. THERE IS NO RIGHT TO CURE THE DEFAULT OR ANY RIGHT OF REDEMPTION AFTER THAT TIME. IF THE DEFAULT IS SO CURED, THE PUBLIC SALE SHALL BE CANCELED."

Inquiries should be directed to the attorney for the Association, Kapono F. H. Kiakona, 841 Bishop Street, 1500 Davies Pacific Center, Honolulu, Hawaii 96813; Tel: 808-539-1100.

## EXHIBIT-13

TMK: (1) 2-6-015-009

## EXHIBIT "A"


APARTMENT LEASE

LESSOR        :  ALA WAI MANSION, INC., a Hawaii corporation

LESSEE        :  LEROY PERCY BASS and SHIRLEY JEAN BASS, husband and
                 wife, as Tenants by the Entirety

DATED         :  May 2, 1972
FILED         :  Land Court Document No. 580307
TERM          :  Beginning May 2, 1972 and ending December 31, 2050


THE LESSEE'S INTEREST BY MESNE ASSIGNMENTS ASSIGNED

ASSIGNOR      :  GREGORY NEIL STODDARD and JANICE PAULA CHURMA,
                 husband and wife

ASSIGNEE      :  RUSSELL JACK GRISHAM, unmarried, as Tenant in
                 Severalty

DATED         :  September 30, 2003
FILED         :  Land Court Document No. 3007815


Said Leasehold estate and interest in and to the following:


-FIRST:-

Apartment No.  PH-A  located on the  penthouse floor of the
Condominium Project known as "ALA WAI MANSION", as established by
Declaration of Horizontal Property Regime dated December 15,
1969, filed in said Office of the Assistant Registrar of the Land
Court as Land Court Document No. 490922, and as shown on
Condominium Map 92 and any amendments thereto.

Together with appurtenant easements as follows:


**EXHIBIT-13**

EXHIBIT A CONTINUED


2.   The terms and provisions contained in the following:

INSTRUMENT : DEED

DATED     : May 4, 1966
FILED     : Land Court Document No. 464029


3.   Designation of Easement "11" for utility and driveway purposes,
     as set forth by Land Court Order No. 29793, filed March 28, 1969.


4.   The terms and provisions contained in the following:

INSTRUMENT : DECLARATION OF HORIZONTAL PROPERTY REGIME FOR THE
             "ALA WAI MANSION" CONDOMINIUM PROJECT AND BY-LAWS

DATED     : December 15, 1969
FILED     : Land Court Document No. 490922
MAP       : 92 and any amendments thereto

Said Declaration was amended by instruments dated August 24, 1971,
filed as Land Court Document No. 551025, dated November 2, 1992,
filed as Land Court Document No. 1979488, dated October 4, 1993,
filed as Land Court Document No. 2075272, dated March 23, 2011,
filed as Land Court Document No. 4060393, and dated March 23,
2011, filed as Land Court Document No. 4060394.


5.   The terms and provisions contained in Apartment Lease, referred
     to in Exhibit A.


6.   MORTGAGE

LOAN/ACCOUNT NO. 1007028236

MORTGAGOR  :  RUSSELL JACK GRISHAM, unmarried


**EXHIBIT-13**

**EXHIBIT-13**

10549.002 - MLR
841 Bishop Street, Suite 1500
Honolulu HI 96813

**USPS CERTIFIED MAIL**



9414 8102 0079 3002 6075 48

HONOLULU HI 96
06 FEB 2014

Feb 06 2014
ZIP 96813

$5.34   **US POSTAGE**

**FIRST CLASS**

071S00827782

endicia.com

Russell J. Grisham
2029 Ala Wai Blvd., PH-1 aka PH-A
Honolulu HI 96815





**STATE OF HAWAII**
**OFFICE OF ASSISTANT REGISTRAR**
**RECORDED**
**August 13, 2014 3:29 PM**
Doc No(s) T-8990226
on Cert(s) 125594
Issuance of Cert(s)



/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

1     1/1     SMC
B-32506828

| LAND COURT SYSTEM | : | REGULAR SYSTEM |
|---|---|---|

AFTER RECORDATION, RETURN BY **MAIL[ X ]** PICKUP [  ]

Steven Guttman, Esq.
Kessner Umebayashi Bain & Matsunaga
220 South King Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 536-1900

No. of Pages:  4

## ORDER GRANTING CREDITOR ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION'S MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY

RE:    Property Situated at
       2029 Ala Wai Blvd, #PH-1
       Honolulu, Hawaii 96815
       TMK:  (1) 2-6-15-9-33

       Document No. T-8722280 as noted in
       Transfer Certificate of Title 125594

T:\Data\Ala Wai Mansion AOAO\Documents\BOC cover sheet.wpd

## EXHIBIT-14

**Date Signed:**
**July 25, 2014**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

In re                                    )    Case No.  14-00500
                                         )    (Chapter 13)
RUSSELL JACK GRISHAM,                    )
                                         )    **ORDER GRANTING**
                                         )    **CREDITOR ASSOCIATION OF**
                                         )    **APARTMENT OWNERS OF**
                                         )    **ALA WAI MANSION'S**
                                         )    **MOTION FOR IN REM RELIEF**
                       Debtor.           )    **FROM THE AUTOMATIC**
                                         )    **STAY**
                                         )
                                         )    Hearing:
                                         )    Date:        July 22, 2014
                                         )    Time:        9:30 A.M.
                                         )    Judge:       Hon. Robert J. Faris
                                         )
                                         )    **Related Docket No.  36**
_____   )

CERTIFIED as a true copy of the document on file at the United States Bankruptcy Court, District of Hawaii. Michael B. Dowling, Clerk of Court

By: _____
Deputy Clerk
Date: 8/13/14    No of pages: 4

T:\Data\Ala Wai Mansion AOAO\Pleadings\BK 14-500\Order in rem mtn (d-7-24-14).wpd

## ORDER GRANTING CREDITOR ASSOCIATION OF APARTMENT OWNERS OF ALA WAI MANSION'S MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY

Creditor Association of Apartment Owners of Ala Wai Mansion's

Motion for In Rem Relief From Automatic Stay ("Motion"), filed herein on July 2,

2014 (Dkt #36), came on for hearing on an expedited basis on July 22, 2014

before the Honorable Robert J. Faris, United States Bankruptcy Judge.

Appearances were noted on the record.

The Court having considered the Motion, the supporting Memoranda

and Declarations, the records in this case and counsels' statements presented at the

hearing, and for those reasons stated in open court, incorporated herein pursuant to

Rule 7052 of the Federal Rules of Bankruptcy Procedure;

**IT IS HEREBY ORDERED** that:

1.      The Motion is GRANTED;

2.      There is no automatic stay under 11 U.S.C. § 362 presently in

effect by operation of 11 U.S.C. § 362(c)(3);

3.      No deficiency judgment or other money judgment may be

entered against Debtor Russell Jack Grisham ("Debtor") unless and until the

Bankruptcy Court enters an order (i) denying the Debtor a discharge, (ii)

determining that the debt owed to the moving party is not dischargeable, (iii)

dismissing the case prior to the entry of a discharge, or (iv) expressly authorizing the entry of such a judgment;

      4.     If the real property located at 2029 Ala Wai Blvd, Unit PH-1, Honolulu, Hawaii 96815 ("Subject Property") is sold and the proceeds exceed the amount of the secured claim(s), the Association must turn over the surplus proceeds to the trustee;

      5.     The secured portion of any proof of claim filed by the Association with respect to the Subject Property is deemed withdrawn and the Association may seek collection of any unsecured deficiency amount only by filing a proof of claim under § 501, or by amending a previously filed proof of claim;

      6.     This order will remain effective despite the conversion of the case to one under another chapter;

      7.     This order is limited to granting the relief set forth herein and does not determine any issues concerning any rights, claims, remedies or defenses of the Debtor or any other party; and

      8.     In a Chapter 13 case, as soon as practicable after the trustee receives notice of this order, the trustee shall cease making any distributions on all claims secured by the Subject Property, except for funds then being held by the

trustee for distribution;

   9. This order will remain effective despite any order dismissing the case; and

   10. As explicitly requested in the Motion, and based on there being a factual and legal basis for extraordinary relief, this order provides "in rem" relief; i.e., this order is binding with respect to the Subject Property for as long as the Debtor has an ownership interest in the Subject Property in any other bankruptcy case that has been or may be filed, subject only to such order which may be issued in <u>In re Moore</u>, Case No. 14-13791-abl, pending in the United States Bankruptcy Court for the District of Nevada.

## END OF ORDER

This order is submitted by:

STEVEN GUTTMAN, ESQ. / DAWN EGUSA, ESQ.
Kessner Umebayashi Bain & Matsunaga
220 South King Street, Suite 1900
Honolulu, Hawaii  96813
Telephone: (808) 536-1900 / Facsimile: (808) 529-7177
Email: kdubm_bk@kdubm.com





**STATE OF HAWAII**
**OFFICE OF ASSISTANT REGISTRAR**
**RECORDED**
**August 29, 2014 10:45 AM**
Doc No(s) T – 9006418
on Cert(s) 125594
Issuance of Cert(s)



/s/ NICKI ANN THOMPSON
ASSISTANT REGISTRAR

1      1/1      SMC
B – 32514089

_LAND COURT SYSTEM_          :          _REGULAR SYSTEM_

AFTER RECORDATION, RETURN BY **MAIL[ X ]**  PICKUP [  ]

Steven Guttman, Esq.
Kessner Umebayashi Bain & Matsunaga
220 South King Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 536-1900

No. of Pages:  4

## ORDER GRANTING MOTION FOR RELIEF
## FROM AUTOMATIC STAY

RE:     Property Situated at
        2029 Ala Wai Blvd, #PH-1
        Honolulu, Hawaii 96815
        TMK:  (1) 2-6-15-9-33

        Document No. T-8990226 as noted in
        Transfer Certificate of Title 125594

T:\Data\Ala Wai Mansion AOAO\Documents\BOC cover sheet.wpd

## EXHIBIT-15

1

2

3

————————————————————
Honorable August B. Landis
United States Bankruptcy Judge

4

**Entered on Docket**
**August 14, 2014**

5

6

7

8    **ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
9    Nevada Bar No. 12321
415 South 6th Street, Suite 203B
10   Las Vegas, Nevada 89101
Email: *randersen@andersenlawlv.com*
11   Phone: 702-522-1992
Fax:   702-825-2824

12

I certify that this is a true copy.

Attest: ——————————————
Deputy Clerk, Bankruptcy Court

13   *Attorney for Secured Creditor Association of*
*Apartment Owners of Ala Wai Mansion*

14

15                 **UNITED STATES BANKRUPTY COURT**

16                         **DISTRICT OF NEVADA**

17   In re:                                    Case No.: 14-13791-ABL
Chapter 11
18   TERESA JEAN MOORE and ROBERT
GARVIN MOORE,                    **ORDER GRANTING MOTION FOR**
19                                              **RELIEF FROM THE AUTOMATIC**
Debtors.                   **STAY**
20
21                                              Hearing Date: August 6, 2014
Hearing Time: 1:30 p.m. Pacific time
22                                              Courtroom:   1

23         The Court, having considered the *Motion for Relief from the Automatic Stay* (the "Motion")

24   filed by secured creditor, Association of Apartment Owners of Ala Wai Mansion (the "Association")

25   at ECF No. 24; having conducted a hearing with respect to the Motion on August 6, 2014, at 1:30 p.m.

26   Pacific time; with Ryan A. Andersen, Esq. of the Andersen Law Firm appearing on behalf of the

27   Association and with Ms. Teresa Jean Moore and Mr. Robert Garvin Moore appearing on their own

ANDERSEN LAW FIRM, LTD.
415 South 6th Street
2nd Floor, Suite 203-B
Las Vegas, Nevada
702-522-1992

1 of 4

**EXHIBIT-15**

1  behalf; and having stated its findings of fact and conclusions of law on the record at the conclusion of

2  such hearing, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to

3  this contested matter by Rule 9014 of the Federal Rules of Bankruptcy Procedure, such findings of

4  facts and conclusions of law therefore being incorporated as set forth herein:

5  **NOW THEREFORE**, good cause appearing, the Court **ORDERS** as follows:

6  **IT IS ORDERED** that the Motion is **GRANTED**;

7  **IT IS FURTHER ORDERED** that the automatic stay imposed pursuant to 11 U.S.C. § 362(a)

8  is hereby **TERMINATED** pursuant to 11 U.S.C. §§ 362(d)(1), 362(d)(2), and 362(d)(4) with respect

9  to that certain real property generally located at 2029 Ala Wai Boulevard, Unit PH-1, Honolulu, Hawaii

10  96815 (the "Penthouse") and more particularly described as:

ALL THE PREMISES COMPRISING A PORTION OF THE "ALA W AI MANSION," A CONDOMINIUM PROJECT (HEREINAFTER CALLED THE "PROJECT") AS DESCRIBED IN AND ESTABLISHED BY DECLARATION OF HORIZONTAL PROPERTY REGIME RECORDED AS LAND COURT DOCUMENT NO. 490922, AS AMENDED, OF OFFICIAL RECORDS (HEREINAFTER CALLED THE "DECLARATION"), SAID PREMISES BEING MORE DESCRIBED AS FOLLOWS:

FIRST: APARTMENT NO. PH-A, AS SHOWN ON THE PLANS THEREOF FILED AS CONDOMINIUM MAP NO. 92 (HEREINAFTER CALLED THE CONDOMINIUM MAP) TOGETHER WITH THE FOLLOWING APPURTENANT EASEMENTS:

A) AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. L-15 AND STORAGE CUBICLE A AS SHOWN ON CONDOMINIUM MAP.

B) NONEXCLUSIVE EASEMENTS IN THE COMMON-ELEMENTS DESIGNED FOR SUCH PURPOSES FOR INGRESS TO, EGRESS FROM, UTILITY SERVICES FOR, AND SUPPORT OF SAID APARTMENT, IN THE OTHER COMMON ELEMENTS FOR USE ACCORDING TO THEIR RESPECTIVE PURPOSES, SUBJECT ALWAYS TO THE EXCLUSIVE USE OF THE LIMITED COMMON ELEMENTS AS PROVIDED IN THE DECLARATION, AS AMENDED, AND IN THE OTHER APARTMENTS AND COMMON ELEMENTS OF THE PROJECT FOR SUPPORT.

SECOND: AN UNDIVIDED 5.68 PERCENT INTEREST IN ALL COMMON ELEMENTS OF THE PROJECT AS ESTABLISHED FOR SAID APARTMENT BY THE DECLARATION OR SUCH OTHER FRACTIONAL OR PERCENTAGE INTEREST AS HEREAFTER ESTABLISHED FOR SAID APARTMENT BY AN

ANDERSEN LAW FIRM, LTD.
415 South 6th Street
2nd Floor, Suite 203-B
Las Vegas, Nevada
702-522-1992

**EXHIBIT-15**

AMENDMENT OF THE DECLARATION (HEREAFTER REFERRED TO AS LESSEE'S "PROPORTIONATE SHARE"), AS TENANTS IN COMMON WITH THE OTHER OWNERS AND TENANTS THEREOF, SUBJECT TO ALL EASEMENTS APPURTENANT TO ANY APARTMENT OF THE PROJECT AND TO ALL ENCUMBRANCES, EXCEPTIONS AND RESERVATIONS NOTED BY SAID DECLARATION.

A LEASEHOLD ESTATE AS CREATED BY THAT CERTAIN LEASE DATED MAY 2, 1972, EXECUTED BY ALA WAI MANSION, INC., A HAWAII CORPORATION, AS LESSOR, AND LEROY PERCY BASS AND SHIRLEY JEAN BASS, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY, AS LESSEE, FOR A TERM FROM MAY 2, 1972 AND ENDING DECEMBER 31, 2050, RECORDED AS LAND COURT DOCUMENT NO. 580307 OF OFFICIAL RECORDS.

THE LESSEE'S INTEREST UNDER THE LEASE HAS BEEN ASSIGNED TO RUSSELL JACK GRISHAM, UNMARRIED, BY MESNE ASSIGNMENTS RECORDED OCTOBER 9, 2003 AS LAND COURT DOCUMENT NO. 3007815 OF OFFICIAL RECORDS.

ALL OF THAT CERTAIN PARCEL OF LAND SITUATED AT WAIKIKI, CITY AND COUNTY OF HONOLULU, STA TE OF HAW All, DESCRIBED AS FOLLOWS:

LOT 185-A, AREA 9,914 SQUARE FEET, MORE OR LESS, AS SHOWN ON MAP 63, FILED WITH LAND COURT APPLICATION NOS. 537 AND 550 OF JOHN FRANCIS BOWLER AND AUGUST AHRENS, LIMITED.

BEING A PORTION OF THE PROPERTY DESCRIBED IN AND COVERED BY TRANSFER CERTIFICATE OF TITLE NO. 125,594,

and the Association is further authorized to take any and all legally appropriate and authorized action with respect to the Penthouse.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:  /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
415 South 6th Street, Suite 203B
Las Vegas, Nevada 89101
*Attorney for Secured Creditor Association of Apartment Owners of Ala Wai Mansion*

**EXHIBIT-15**

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐    The court has waived the requirement set forth in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☑    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

        Counsel appearing: NONE
        Trustee appearing: NONE
        Debtor(s) appearing:  Teresa Jean Moore- *FAILED TO RESPOND*
                                 Robert Gavin Moore- *FAILED TO RESPOND*

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of August, 2014.

                             By:    /s/ Ryan A. Andersen
                                     Ryan A. Andersen, Esq.
                                     Nevada Bar No. 12321
                                   **ANDERSEN LAW FIRM, LTD.**
                                   415 South 6th Street, Suite 203B
                                   Las Vegas, Nevada 89101

                                   *Attorney for Secured Creditor Association of*
                                   *Apartment Owners of Ala Wai Mansion*

# # #

ANDERSEN LAW FIRM, LTD.
415 South 6th Street
2nd Floor, Suite 203-B
Las Vegas, Nevada
702-522-1992

**EXHIBIT-15**