WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 000050
Ryan T. O'Malley, Esq.
Nevada Bar No. 012461
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7964; Fax: (702) 946-1345
romalley@wrightlegal.net
*Attorneys for Defendant,*
*Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC2 Asset Backed Pass-Through Certificates c/o Carrington Mortgage Services*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>TERESA JEAN MOORE AND<br>ROBERT GARVIN MOORE<br><br>Debtors.<br><br>_____<br><br>TERESA JEAN MOORE AND<br>ROBERT GARVIN MOORE<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE ALA WAI MANSION<br><br>and<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES,<br><br>Defendants. | Case No.: 14-13791-abl<br>Chapter:    11<br><br>Adv. No.: 14-01157-abl<br><br>**ANSWER OF DEFENDANT WELLS FARGO BANK N.A.** |

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant, Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC2 Asset Backed Pass-Through Certificates ("Wells Fargo" or "Defendant") hereby answers the Complaint of Plaintiffs, Teresa Jean Moore and Robert Garvin Moore (collectively "Plaintiffs"), as follows:

### JURISDICTION AND VENUE

1.  Defendant avers that the allegations contained in Paragraph 1 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 1 does require a response, Defendant denies said allegations.

2.  Defendant avers that the allegations contained in Paragraph 2 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 2 does require a response, Defendant denies said allegations.

3.  Defendant avers that the allegations contained in Paragraph 3 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 3 does require a response, Defendant denies said allegations.

4.  Defendant avers that the allegations contained in Paragraph 4 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 4 does require a response, Defendant denies said allegations.

5.  Defendant avers that the allegations contained in Paragraph 5 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 5 does require a response, Defendant denies said allegations.

6.  Defendant avers that the allegations contained in Paragraph 6 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 6 does require a response, Defendant denies said allegations.

### PARTIES

7.  Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 7 of the Complaint; therefore, Defendant denies said allegations.

8. Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 8 of the Complaint; therefore, Defendant denies said allegations.

9. Answering Paragraph 9 of the Complaint, Defendant denies that its principal office is located at 1610 E. St. Andres Place, #B150, Santa Ana, CA 92705. Defendant avers that the allegation that it "acts through the agency of its agents" is a legal conclusion to which no response is required. To whatever extent a further response is required, Defendant is without information sufficient to admit or deny the remaining allegations in Paragraph 9.

## FACTS

10. Answering Paragraph 10 of the Complaint, Defendant admits that this proceeding concerns real property located at 2029 Ala Wai Boulevard, Apartment PH-A, Honolulu, Hawaii. Defendant denies the remaining allegations in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Defendant admits that an Assignment of Mortgage and Note was recorded on December 10, 2009, in the State of Hawaii Office of Assistant Registrar as Document No. 3924425. Defendant avers that the Assignment of Mortgage and Note speaks for itself. To whatever extent a further response is required, Defendant denies the remaining allegations in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Defendant admits that a document entitled Findings of Fact; Conclusions of Law; Order Granting Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure was filed in Civil Case No. 11-1-0974-05 in the Circuit Court of the State of Hawaii on September 7, 2011. Defendant avers that said filing speaks for itself. To whatever extent a further response is required, Defendant denies the remaining allegations in Paragraph 12.

13. Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 13 of the Complaint; therefore, Defendant denies said allegations.

14. Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 14 of the Complaint; therefore, Defendant denies said allegations.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

|   |   |
|---|---|
| 1 | **16.** Defendant does not possess enough information to admit or deny the allegations |
| 2 | contained in Paragraph 16 of the Complaint; therefore, Defendant denies said allegations. |
| 3 | **17.** Defendant does not possess enough information to admit or deny the allegations |
| 4 | contained in Paragraph 17 of the Complaint; therefore, Defendant denies said allegations. |

**16.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 16 of the Complaint; therefore, Defendant denies said allegations.

**17.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 17 of the Complaint; therefore, Defendant denies said allegations.

**18.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 18 of the Complaint; therefore, Defendant denies said allegations.

**19.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 19 of the Complaint; therefore, Defendant denies said allegations.

**20.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 20 of the Complaint; therefore, Defendant denies said allegations.

**21.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 21 of the Complaint; therefore, Defendant denies said allegations.

**22.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 22 of the Complaint; therefore, Defendant denies said allegations.

**23.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 23 of the Complaint; therefore, Defendant denies said allegations.

**24.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 24 of the Complaint; therefore, Defendant denies said allegations.

**25.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 25 of the Complaint; therefore, Defendant denies said allegations.

**26.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 26 of the Complaint; therefore, Defendant denies said allegations.

**27.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 27 of the Complaint; therefore, Defendant denies said allegations.

**28.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 28 of the Complaint; therefore, Defendant denies said allegations.

**29.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 29 of the Complaint; therefore, Defendant denies said allegations.

30. Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 30 of the Complaint; therefore, Defendant denies said allegations.

31. Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 31 of the Complaint; therefore, Defendant denies said allegations.

## FIRST-CLAIM OF THE PROCEEDING

32. Answering Paragraph 32, Defendant incorporates by reference all of its responses to the previous Paragraphs.

33. Defendant avers that the allegations contained in Paragraph 33 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 33 does require a response, Defendant denies said allegations.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

## SECOND-CLAIM OF THE PROCEEDING

40. Answering Paragraph 40, Defendant incorporates by reference all of its responses to the previous Paragraphs.

41. Defendant avers that the allegations contained in Paragraph 41 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 41 does require a response, Defendant denies said allegations.

42. Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 42 of the Complaint; therefore, Defendant denies said allegations.

43. Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 43 of the Complaint; therefore, Defendant denies said allegations.

44. Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 44 of the Complaint; therefore, Defendant denies said allegations.

1  **45.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 45 of the Complaint; therefore, Defendant denies said allegations.

**46.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 46 of the Complaint; therefore, Defendant denies said allegations.

**47.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 47 of the Complaint; therefore, Defendant denies said allegations.

**48.** Defendant avers that the allegations contained in Paragraph 48 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 48 does require a response, Defendant denies said allegations.

**49.** Defendant avers that the allegations contained in Paragraph 49 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 49 does require a response, Defendant denies said allegations.

**50.** Defendant denies the allegations contained in Paragraph 50 of the Complaint.

**51.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 51 of the Complaint; therefore, Defendant denies said allegations.

**52.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 52 of the Complaint; therefore, Defendant denies said allegations.

### THIRD-CLAIM OF THE PROCEEDING

**53.** Answering Paragraph 53 of the Complaint, Defendant incorporates by reference all of its responses to the previous paragraphs.

**54.** Defendant avers that the allegations contained in Paragraph 54 state legal conclusions for which no response is required; provided however, that to the extent Paragraph 54 does require a response, Defendant denies said allegations.

**55.** Defendant does not possess enough information to admit or deny the allegations contained Paragraph 55 of the Complaint; therefore, Defendant denies said allegations.

**56.** Defendant does not possess enough information to admit or deny the allegations contained Paragraph 56 of the Complaint; therefore, Defendant denies said allegations.

**57.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 57 of the Complaint; therefore, Defendant denies said allegations.

**58.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 58 of the Complaint; therefore, Defendant denies said allegations.

### FOURTH CLAIM OF THE PROCEEDING

**59.** Answering Paragraph 59 of the Complaint, Defendant incorporates by reference all of its responses to the previous paragraphs.

**60.** Defendant avers that the allegations contained in Paragraph 60 state legal citations for which no response is required; provided however, that to the extent Paragraph 60 does require a response, Defendant denies said allegations.

**61.** Defendant avers that the allegations contained in Paragraph 61 state legal citations for which no response is required; provided however, that to the extent Paragraph 61 does require a response, Defendant denies said allegations.

**62.** Defendant does not possess enough information to admit or deny the allegations contained Paragraph 62 of the Complaint; therefore, Defendant denies said allegations.

**63.** Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 63 of the Complaint; therefore, Defendant denies said allegations.

**64.** Defendant denies the allegations in Paragraph 64 of the Complaint.

### DEFENDANT ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Defendant alleges that the Plaintiffs have failed to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Defendant alleges that the Plaintiffs' claims are barred in whole or in part because of their failure to take reasonable steps to mitigate his damages, if any.

### THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Defendant alleges that all of Plaintiffs' claims are barred by the applicable state and federal statutes of limitation, including but not limited to, Nevada Revised Statutes 11.190 et seq., 11.200 and 11.220 and 15 U.S.C. § 1681 et seq.

### FOURTH AFFIRMATIVE DEFENSE

**(Equitable Defense, Laches, Unclean Hands, Failure to do Equity)**

Defendant alleges that the Plaintiffs' claims are barred by the equitable doctrine of laches, unclean hands and failure to do equity.

### FIFTH AFFIRMATIVE DEFENSE

**(Breach of Contract)**

Defendant alleges that the Plaintiffs substantially and materially breached the obligation/contract complained of prior to commencement of this action, which conduct extinguishes the right to maintain this action.

### SIXTH AFFIRMATIVE DEFENSE

**(Bad Faith)**

Defendant alleges that Plaintiffs' Complaint is filed in bad faith and has no merit.

### SEVENTH AFFIRMATIVE DEFENSE

**(Defendant Acted in Good Faith)**

Defendant is excused from any and all liability under the facts alleged in Plaintiffs' claims for relief because at all material times Defendant acted in good faith and conducted all material transactions in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

**(Plaintiffs Not Entitled To Relief)**

Defendant denies Plaintiffs are entitled to any relief for which they pray.

### NINTH AFFIRMATIVE DEFENSE

**(Res Judicata/Collateral Estoppel)**

Defendant alleges that Plaintiffs' claims are barred by the doctrines of Res Judicata and

Collateral Estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendant alleges that each of Plaintiffs' claims are barred because they have no standing to assert them.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Negligence)

Plaintiffs are barred from recovery, or said recovery, if any, must be proportionately reduced, as any injury or damage allegedly suffered by Plaintiffs occurred as a proximate result of the negligence on his own part, in that Plaintiffs failed to exercise ordinary care on his own behalf at the time and place alleged.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant alleges that the Plaintiffs were careless and negligent with respect to all matters alleged by him in the Complaint, and thus was comparatively at fault and proximately caused his own damages. Accordingly, any damages otherwise recoverable by the Plaintiffs, if any, should be reduced in proportion to his own fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Third Party Fault)

Defendant alleges that the damages complained of, if there were any, were proximately contributed to or caused by the carelessness, negligence, fault or defects resulting from acts/omissions of other persons unknown to Defendant at this time, and were not caused in any way by Defendant or by persons for whom Defendant is legally responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reduction of Damages Based on Third Party Fault)

Defendant is entitled to have any award against it reduced or eliminated to the extent that the negligence, carelessness, or defect resulted from the acts/omissions or comparative fault of other persons that contributed to Plaintiffs' damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs, at all material times, calculated, knew and understood the risks inherent in the situations, actions, omissions and transactions upon which they now base their various claims for relief, and with such knowledge, Plaintiffs undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

The acts and omissions of Defendant alleged in Plaintiffs' claims for relief were not a proximate cause of the loss or damage for which Plaintiffs seek recovery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Suffered No Damages)

Defendant alleges that Plaintiffs' claims are barred because Plaintiffs suffered no damages as a result of the allegations in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Parol Evidence)

Defendant alleges that Plaintiffs' claims are barred through application of the parol evidence rule.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Defendant alleges that Plaintiffs' claims are barred through application of the Statute of Frauds.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Consent)

Plaintiffs have waived and are estopped from asserting any claim or claims against Defendant, in that Plaintiffs consented to, or is deemed to have consented to, the alleged conduct complained of in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Bona fide Encumbrancer for Value)

Defendant alleges that it is a bona fide encumbrancer for value, and Plaintiffs' claims cannot affect Defendant's lien rights.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Holder in Due Course)

Defendant is a holder in due course and therefore Plaintiffs' claims cannot affect Defendant's lien rights.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Equitable Subrogation)

Defendant is entitled to equitably revive any and all debt obligations satisfied by the proceeds of the loan under which Defendant is the current beneficiary.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Name a Necessary Party)

Plaintiffs' claims against Defendant are barred because Plaintiffs failed to name necessary parties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Ratification and Consent)

Plaintiffs' claims are barred because Plaintiffs ratified Defendant's loan.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant reserves the right to assert additional affirmative defenses in the event discovery and/or investigation indicates that additional affirmative defenses are applicable.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs recover nothing on account of the claims made in the Complaint and each of its purported claims;

2. For reasonable attorney's fees and costs; and

3. For such other relief as the court may deem just and proper.

DATED this 21 day of November, 2014.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

*[signature]*

Dana Jonathon Nitz, Esq.
Nevada Bar No. 000050
Ryan T. O'Malley, Esq.
Nevada Bar No. 012461
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
*Attorneys for Defendant, Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC2 Asset Backed Pass-Through Certificates c/o Carrington Mortgage Services*